Claud H. SMITH, Plaintiff-Respondent,

v.

Lula M. SMITH, Defendant-Appellant.

No. 24865.

Kansas City Court of Appeals.

Missouri.

June 3, 1968.

Roger D. Hines, Columbia, for appellant.

William F. Brown, Sedalia, for respondent.

MORGAN, Judge.

Respondent, herein referred to as the husband, was granted a divorce by default from appellant, herein referred to as the wife. After her motions to set aside the decree and for a new trial were overruled, the wife appealed. The husband's motion to dismiss the appeal for failure of the wife to comply with Rules 83.05 and 78.01, V.A.M.R., is overruled and the case will be considered on its merits.

The record reveals the parties were married on April 26, 1958, and lived together until the month of November, 1966. Both had been married previously and there were no children by this marriage. The husband filed a petition for divorce on December 13, 1966, and the wife filed an answer thereto on December 23, 1966. She later, on April 27, 1967, filed a cross bill for divorce. The case came on for trial on May 22, 1967, and it is agreed both parties were represented by counsel and were each personally present in the court room. Witnesses were available and generally present. The trial court either waited or conducted other court business while the parties, with counsel, sought to negotiate a property settlement. After resolving what then was apparently a satisfactory division of their property, a written contract was prepared and signed by them. The contract was not submitted to the trial court for its approval or disapproval. Evidence was offered by the husband, but none was offered by the wife to sustain her answer and cross bill. We have not been fur-

nished a transcript of the evidence offered, and apparently none was made. The court found the issues in favor of the husband and entered a decree dissolving the bonds of matrimony between the parties.

On June 5, 1967, the wife's different and present counsel filed the two motions indicated and sought to have the decree set aside. We have the transcript of the extended hearing on these motions held June 20, 1967, and will consider all points raised therein which have been carried forward in the wife's brief and preserved for review. They assert the trial court erred (1) because the evidence offered and the petition were insufficient to warrant a divorce upon the ground of general indignities, (2) because the evidence shows that the decree was obtained as the result of collusion, (3) because at the date of the trial appellant was incapable, because of her mental condition, of adequately understanding the effect of her actions and presenting her defense.

▆▆▆ The wife by argument infers the absence of a record of the original hearing is indicative of collusion. Full attention will be given this rather thinly veiled accusation against every one involved while considering point (2) as indicated, but a proper review must begin from a premise long established as a definite rule of law. Our Supreme Court has declared: "In the absence of proof to the contrary, there is always a presumption of jurisdiction and right action by a court of general jurisdiction." State ex rel. Nickerson v. Rose, 351 Mo. 1198, 175 S.W.2d 768, 771. In Mastin v. Ireland et al., 320 Mo. 617, 8 S.W.2d 900, 902, we find, "Every presumption must be indulged in favor of the correctness of the decision of the trial court; this has been the law of this state ever since the decision of Boone County v. Corlew, 3 Mo. 12." We held in Lewis v. Lewis, 238 Mo.App. 173, 176 S.W.2d 556, at 561, "The presumption of validity which surrounds the judgment of divorce in this case includes the presumption of the existence of every essential fact which must have exist-

ed in order for the court to have rendered a valid decree." This holding was recently quoted with approval in Gomez v. Gomez, Mo., 336 S.W.2d 656, 660, where the record failed to show proof by plaintiff of the jurisdictional question of one whole year residency in the state next before the filing of the petition; and the court further stated, "Another applicable rule relates to the presumption that a judgment is valid. Where the judgment is within the jurisdiction of the court rendering same it is presumed to be valid." State ex rel. Levine v. Trimble, 320 Mo. 526, 8 S.W.2d 927, 930; State v. Winn, Mo.App., 191 S.W.2d 367, 368; Jackson et al. v. Merz, Mo.App., 223 S.W.2d 136. With such presumptions existing, who had the burden of rebutting their effect at the hearing on the motions in the trial court or in this appeal? The present record makes it obvious that the wife was represented in the initial proceeding by an experienced and most competent attorney. The failure to preserve the evidence offered was as much the decision of the wife as that of the husband. She is not now in a position to claim prejudice by this fact alone. Further, "The duty devolves on the appellant, as this court has often said, of preserving the evidence offered at the trial, and of convincing this court that error was committed by the trial court, in accordance with the familiar principle that he who asserts error must prove error." Mastin v. Ireland et al., supra, 8 S.W.2d l.c. 902. Her failure and present inability to comply with this duty is in no manner prejudicial to her in view of the full transcript of the evidence offered at the hearing on the motions now being available, particularly so, in view of its reflecting a rehash of that evidence initially offered plus offers to present that evidence she now claims could have been presented to sustain her answer and cross bill. Under the record as made, full review of all questions raised is possible.

▆▆▆ We move on to the wife's assertion the petition filed by the husband and his proof of allegations therein were insuf-

ficient to warrant a divorce on the ground of general indignities. The petition set out the marriage and separation, the husband's status as a resident of Missouri for more than one whole year next preceding the filing of the petition, a request for service by mail since the wife was in Butler, Alabama, an allegation he had treated her with kindness and affection while suffering the following indignities inflicted by the wife: (1) she had appropriated money of the husband for the benefit of her grown children by a former marriage, (2) she had made derogatory and insulting remarks about him, (3) she had repeatedly left the home for long periods of time to stay with her children, (4) she had conducted herself in a manner showing a complete lack of love and affection for him, and (5) for long periods of time had refused to perform normal housekeeping duties. Without comment, the petition is found to have been sufficient. At the hearing the wife's present counsel sought to interrogate the husband as to the truth of the alleged indignities listed above. The trial court in apparent anticipation that the wife's effort was directed toward showing a possible fraud had been perpetrated against the court patiently allowed inquiries that would have been proper only in cross-examination at the original trial. The answers given by the husband were sufficient to sustain the allegations, but he did testify that he didn't recall any inquiry or answers given on the complaint of extended absences from the home. This certainly was not unusual as no trial judge demands nor does an experienced attorney seek to present in a default matter all of the evidence which he might have had available for use in a contested cause. As found in Simon v. Simon, Mo., 248 S.W.2d 560, 564, "Failure of proof as to an indignity charged can have no possible effect upon the *jurisdiction* of the court to try the case or, in the event there is sufficient evidence, *upon the jurisdiction of the court to enter a judgment of divorce.*" The testimony as given tended to buttress the original presumption that the court had en-

tered a valid judgment in the divorce proceeding, and the further presumption that its findings had been predicated upon substantial evidence. Point 1 is ruled against the wife.

After the trial court became aware that the wife's efforts were directed toward retrying the merits of the divorce case, including particularly a presentation of the defense the wife could have presented, objections were generally sustained to questions so designed. Offers of proof were made of record and are before us. We have reviewed each of them, and we affirm the rulings of the trial court because their thrust was directed toward "matters going to the merits of the cause," Wuelker v. Maxwell, Mo.App., 70 S.W.2d 1100, 1102, and neither tended to show nor were they designed to suggest fraud in the "procurement" of the judgment originally entered. Lewis v. Lewis, supra. It is then suggested by argument that the property settlement of the parties, as evidenced by the contract, indicated fraud and collusion of the parties—not only by virtue of its execution alone, but because it was not submitted to the court for approval. The following authorities are then cited: Blank v. Nohl, 112 Mo. 159, 20 S.W. 477, 18 L.R.A. 350; Bishop v. Bishop, Mo.App., 151 S.W.2d 553; and Hudson v. Hudson, 176 Mo.App. 69, 162 S.W. 1062. We agree with the import of the holdings in each as well as the declarations therein, that any contract tending to promote a divorce or suppress a defense or other right, such as appeal, cannot be condoned. However, it is also true, "Under the law of Missouri, as it exists at present, both husband and wife, being sui juris, may make a valid and binding agreement to a property settlement in contemplation of a divorce without submitting the same to the court which may thereafter hear and determine all questions in respect to the divorce." Dorsett v. Dorsett, 232 Mo.App. 126, 90 S.W.2d 188, 194; North v. North, 339 Mo. 1226, 100 S.W.2d 582, 584, 109 A.L.R. 1061; Singer v. Singer, Mo.App., 390 S.W.2d 605. We have

examined the contract and find it in the usual form with the contents thereof pertaining only to a voluntary division of property and we cannot find any word, phrase or clause which by any strained construction even suggests fraud, collusion, compulsion or duress of either party to this action. Further insinuations of impropriety are even drawn from the docket entries; for instance, "Defendant did not appear," when she, in fact, had been in the court room—an aspersion outside the experience of this writer. However, since the wife elected to withdraw and offer no evidence, the docket entry is not only technically correct but properly reflects an admitted fact. Other rather strained suggestions will be ignored, and after complimenting the trial judge on his patience, it is better the case be put to rest by charging much of the record to an overzealous but sincere effort of an attorney to represent his client. Point (2) is ruled against the wife.

 The wife's last point suggests her mental condition on the date of the trial was effected by tranquilizer pills. A witness was present supposedly to testify that the wife was in a nervous strait and difficult to reason with. Even if such testimony had been admitted, it could not offset the "legal presumption, applicable in divorce cases, (Citations), that every person is sane." Schuler v. Schuler, Mo.App., 290 S.W.2d 192, 194. See also Willis v. Willis, Mo.App., 274 S.W.2d 621. Point (3) is ruled against the wife.

This court in Hudson v. Hudson, 176 Mo.App. 69, 162 S.W. 1062, with facts comparable to those here, identified the matter as a "depressing case" where it was evident the ultimate objective was the possible acquisition of property with little actual concern or interest in the marital state of the parties. Other somewhat severe comments found there are applicable here.

The judgment of the trial court is affirmed.

All concur.