STATE of Missouri, ex rel., Robert WILLEY, Relator,

v.

The Honorable Carl D. GUM, Respondent.

No. WD 50650.

Missouri Court of Appeals, Western District.

July 18, 1995.

C.E. Weedman, Jr., Crouch, Spangler & Douglas, Harrisonville, for appellant.

Kenneth L. Gottschall, Independence, for respondent.

Before ULRICH, P.J., and HANNA and SPINDEN, JJ.

ULRICH, Presiding Judge.

The question presented is whether a writ of prohibition should issue pursuant to Chapter 530.010, RSMo.1994 precluding the Honorable Carl D. Gum from reinstating to the court's active docket on December 21, 1994, and trying case styled *Tommy Thompson v. Robert J. Willey,* No. CV 188–663CC, filed in Cass County on September 7, 1988, which was dismissed for want of prosecution without prejudice on October 2, 1991. This court's preliminary rule in prohibition was issued on March 28, 1995, refraining and restraining the circuit court from reinstating the said case to the circuit court's active docket and from proceeding further in the case until further order of this court.

Civil suit for damages allegedly resulting from an automobile accident was filed on September 7, 1988, by Tommy Thompson naming Robert Willey as defendant. On October 2, 1991, the case was dismissed without prejudice for want of prosecution pursuant to Local Rule 31.1. Costs were taxed against plaintiff on October 3, 1991.

On December 9, 1994, plaintiff filed his "Motion to Reinstate Plaintiff's Petition to the Active Docket." Oral argument on the motion was heard on December 21, 1994, and later that day, the court reinstated the case. The circuit court's order stated:

Attorneys ... appear and present evidence and argument. Court finds the Circuit Clerks Office committed gross clerical mistakes leading to the dismissal of this case. Because of the errors committed by the Circuit Clerk, the Court grants Plaintiffs (sic) Motion to Reinstate this case on the active docket.

On February 3, 1995, Mr. Willey filed his petition for this court's writ of prohibition precluding the reinstatement of the case to the circuit court's active docket and from proceeding to trial. This court's preliminary rule in prohibition was issued on March 28, 1995.

Rule 75.01 provides that a trial court retains jurisdiction over a case for thirty days following entry of judgment. In *Rowe v. Miller,* 573 S.W.2d 145, 146 (Mo.App.1978), this court declared that a judgment becomes final upon expiration of thirty days, absent a motion for a new trial, and the trial court looses jurisdiction to alter or vacate the judgment except by direct proceeding for that purpose.

Rule 74.06 was effective January 1, 1988, and provides in part:

(b) **Excusable Neglect—Fraud—Irregular, Void, or Satisfied Judgment.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is irregular; (4) the judgment is void; or (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment remain in force.

(c) **Motion Under Subdivision (b)—Effect on Judgment—Time for Filing—Notice of Hearing—Service.** A motion under subdivision (b) does not affect the finality of a judgment or suspend its operation. The motion shall be made within a reasonable time and for reasons (1) and (2) and (3) of subdivision (b) not more than one year after the judgment or order was entered.

(d) **Power of Court to Entertain Independent Action—Certain Writs Abolished.** This Rule 74.06 does not limit the power of the court to entertain an independent action to relieve a party from a judgment or order or to set aside a judgment for fraud upon the court.

Thus, Rule 74.06 provides specific limited authority for trial courts to alter or modify final judgments more than thirty days old, even where a motion for new trial has not been filed, or beyond ninety days after a motion for new trial has been filed and has not been ruled. Rule 78.06. The appropriate trial court does not acquire jurisdiction to alter judgments indefinitely, however, even in situations encompassed by Rule 74.06(b)(4) and (5) which are not specifically limited to motions "not more than one year after the judgment or order was entered" as are motions filed under Rule 74.06(b)(1), (2), and (3). All motions encompassed by Rule 74.06(b) must be filed "within a reasonable time," regardless whether they must be filed not more than one year after the judgment or order is entered. Rule 74.06(c)

 Judge Gum reinstated the case because "the Clerks (sic) office committed gross clerical mistakes leading to the dismissal of this case." However, the transcript of the hearing on Mr. Thompson's motion to reinstate the case reflects that absolutely no evidence was introduced. Mr. Thompson's written motion asserts that a copy of the "court costs" was attached to the motion, although none is provided to this court. He asserts that the "Cass County Circuit Court Clerk failed to forthwith issue execution" for the costs assessed in the case when the case was dismissed. He apparently contends the failure of the Clerk's office to send to his lawyer's office a copy of the costs assessed in the case following dismissal was "gross clerical" error justifying his failure to file application for reinstatement of the case to the court's active docket sooner. He implies that the failure of his attorney to receive a copy of the assessed costs in the case following its dismissal resulted in his being unaware the case was dismissed and, therefore, the lengthy delay from the dismissal until the motion for reinstatement was filed resulted. Mr. Thompson cites section 514.300, RSMo 1994 as support for his position that the Circuit Court Clerk was required to execute on the assessed costs which would have resulted in timely notice being sent to counsel alerting him of the dismissal. Section 514.300 states:

> In all cases where costs shall be awarded, either before or upon final judgment, execution shall be issued therefor forthwith by the clerk, unless otherwise ordered by the party in whose favor such costs shall be awarded.

 Mr. Thompson's argument fails for at least two reasons. First, Rule 74.06 contemplates "mistake" that leads to the judgment from which the movant seeks relief. Nothing in the rule suggests that it applies to post judgment mistake. Secondly, only Rule 74.06(b)(1) can reasonably be argued as applicable to this case. This provision is controlled by Rule 74.06(c) which requires that a claim of mistake leading to the judgment under Rule 74.06(b)(1) be filed within a reasonable time and not longer than one year following entry of the judgment. Limited trial court jurisdiction may be invoked beyond one year under Rule 74.06(b)(4) and (5) only and not under Rule 74.06(1), (2) and (3). Mr. Thompson's motion for reinstatement was filed beyond the one year limit for filing such motion to reinstate the case to the court's active docket.

The trial court lacked jurisdiction to reinstate the case styled *Tommy Thompson v. Robert J. Willey*, No. CV 188–663CC to the court's active docket. The preliminary rule in prohibition is hereby made absolute.

All concur.