**Harold Jess KESSINGER, Plaintiff–Appellant,**

v.

**Deanna Sue KESSINGER, Defendant– Respondent.**

**No. 20542.**

Missouri Court of Appeals, Southern District, Division One.

Oct. 29, 1996.

---

John L. Oliver, Jr., Oliver, Oliver & Waltz, P.C., Cape Girardeau, for plaintiff-appellant.

Dan J. Pingelton, Columbia, for defendant-respondent.

PER CURIAM.

The plaintiff in an action for damages for wrongful execution has appealed from a judgment entered on a jury verdict which discharged defendant from all liability in the matter. The parties were formerly married, but that marriage was dissolved in an earlier proceeding in Cape Girardeau County. Following disputes and further litigation regarding child support, execution was issued and caused to be levied on real estate belonging to appellant in Jasper County which was used by him as a residence and as an office for his practice of chiropractic. Appellant successfully sought an order quashing the execution, and sued his former wife for damages alleged to have resulted from the execution and levy on the grounds that respondent knew no arrearage in child support existed but was nonetheless instrumental in causing the execution to issue.

In view of the unfavorable verdict, appellant raises certain issues maintaining that he established liability as a matter of law, and that error was committed in admission of evidence tending to show that a "good faith mistake" had been made as to child support arrearage.

However, our attention is first directed to respondent's motion to dismiss this appeal on the grounds that the notice of appeal was not timely filed and that this Court therefore does not have jurisdiction to reach the substantive issues raised by appellant. That motion was ordered taken with the case. Our review of the motion and the response filed by appellant leads us to conclude that there is merit to respondent's contention and that the appeal must be dismissed.

The following chronology of procedural events is useful to understanding our conclusion:

*May 11, 1995:* Trial to a jury concludes, the cause is submitted, the jury in due course announces it has reached a verdict, and the verdict for defendant is read and accepted. A handwritten docket entry is made stating: "The Court enters Judgment in favor of [defendant] and [defendant] is ordered discharged w/ costs assessed against [plaintiff]." This is followed by what appear to be the written initials "WC."[1] Essentially the same

---

1. The trial judge was the Honorable William C. Crawford.

disposition is read in open court after the jury is excused.

*June 30, 1995:* Plaintiff files his motion for judgment notwithstanding the verdict and motion for new trial.

*September 15, 1995:* A formal document styled "Judgment Upon Jury Verdict" is filed. It recites the jury's verdict, and concludes "that the plaintiff take nothing by his writ and that the defendant go thereof without delay, and recover of plaintiff her costs and charges...." It is signed by the trial judge and a docket entry reflects that copies are sent to counsel.

*September 29, 1995:* Plaintiff's motions for judgment notwithstanding the verdict and for a new trial are overruled.

*October 16, 1995:* Plaintiff files his notice of appeal.

If there was no judgment in the case until the document filed September 15, 1995, then the notice of appeal was timely.[2] If the entry made at the conclusion of trial on May 11, 1995, constituted the judgment in the case, then the after-trial motions were clearly filed beyond the time permitted by Rule 78.04, and the notice should have been filed no later than June 22, 1995, in order to comply with Rules 81.04(a) and 81.05(a).

■ Respondent cites Rule 74.01(a) for the proposition that the docket entry was a judgment. That rule provides:

### Rule 74.01  JUDGMENT

(a) Included Matters. "Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated "judgment" is filed. The judgment may be a separate document or included on the docket sheet of the case.

The rule expressly permits docket sheet entries to be judgments. The additional requirements are that the entry or writing be signed by the judge, and somehow "denominated" as a judgment.

As we recently observed, the rule does not necessarily require that the actual signature of the judge appear, and a mere initialling could be a signing for these purposes even though that is not the judge's ordinary signature. *In re the Marriage of Berger*, 931 S.W.2d 216 (Mo.App.S.D.1996). We further noted that there is authority indicating that it is the intent to authenticate a writing by use of initials or other marks which determine its effectiveness. *Id.*, at 216–17 (citing cases). We therefore believe that the initials added at the end of the handwritten docket entry in this case was a sufficient signing to authenticate the entry as the act of the judge. It was "signed by the judge" within the contemplation of Rule 74.01(a).

■ We also believe the entry was a "denominated 'judgment'" as specified by the rule. A "denomination" is merely the act of naming. BLACK'S LAW DICTIONARY, 435 (6th ed., 1990). To "denominate" means to give a name to, or to denote or designate. THE RANDOM HOUSE DICTIONARY OF THE ENGLISH LANGUAGE, 532 (2d ed. unabridged, 1987). By the same authority, to "designate" includes the acts of indicating, specifying or signifying. Neither Rule 74.01(a) nor the ordinary meanings associated with the word "denominated" as used in that rule require that the word "judgment" appear at the head of the writing. Where, as here, the judge by his writing, and as reinforced by contemporaneous statement in open court, declares that "the Court enters Judgment" and no contrary indication at the time is expressed, we believe that the entry is thereby denominated as a judgment.

In this regard, respondent reminds us that weight is given to the intention of a trial court judge as to whether an entry constitutes a judgment. This Court, prior to the amended version of Rule 74.01(a) now in

---

**2.** This is true without regard to the status of the after-trial motions and the fact they were ruled more than ten days before the notice of appeal was filed. Under Rule 81.05(a), as effective January 1, 1994, a judgment becomes final for purposes of appeal at the expiration of thirty days from entry if there is no timely after-trial motion, or if there is a timely after-trial motion which is ruled *before* the expiration of thirty days. The notice of appeal was filed within ten days after the expiration of thirty days from the September 15, 1995, entry of the purported judgment.

effect, observed: "In the absence of a rule requiring the judgment to be a separate document, the sufficiency of a particular writing to support an appeal is, and will continue to be the subject of apparently conflicting rulings." *Byrd v. Brown,* 641 S.W.2d 163, 167 (Mo.App.1982). *Byrd,* borrowing language from earlier cases, held that the particular docket entry at issue "clearly appears to have been intended by a competent tribunal as a determination of the rights of the parties to the action and shows in intelligible language the relief granted." *Id.*

Since that time, our Supreme Court has expressly provided in Rule 74.01(a) that a judgment need not be a "separate document." At the same time some of the concern expressed in *Byrd* was relieved by the adoption of the particular requirements for a judgment mentioned above. Given these conditions, we agree with appellant that the apparent intent of the trial judge as to whether an entry is the judgment remains an appropriate consideration. One way an intent is rather clearly expressed that a particular entry is *not* to constitute the judgment occurs when the judge includes in the entry a directive that a formal judgment be prepared for subsequent execution and entry. *In re the Marriage of Berger, supra,* 931 S.W.2d at 217; *State ex rel. McDaniel v. Pinnell,* 741 S.W.2d 852, 854–855 (Mo.App.1987); *Orgill Bros. & Co., Inc. v. Rhodes,* 669 S.W.2d 302, 303–304 (Mo.App.1984). In other instances, a contemporaneous request for a formal order has been given similar effect although the request may not be found within the docket entry itself. *Smith v. A.H. Robins Co.,* 702 S.W.2d 143, 145–146 (Mo.App.1985), *overruled on other grounds by Speck v. Union Electric Co.,* 731 S.W.2d 16, 20 (Mo.banc 1987) (letter from judge to counsel); *Munn v. Garrett,* 666 S.W.2d 37, 39 (Mo.App.1984) (apparent request in open court).

There is nothing in the present record to indicate any intention at the time the docket entry was made that the entry was not to constitute the judgment, or that some more formal order should be prepared for future entry of judgment. Appellant points to no such contemporaneous indication of intent.[3]

We reluctantly conclude that the notice of appeal filed October 16, 1995, was untimely. Therefore, it fails to vest this Court with appellate jurisdiction over this cause and the appeal must be dismissed. *Goldberg v. Mos,* 631 S.W.2d 342, 345 (Mo.1982). Despite the necessity of this disposition, we note that we have examined the points raised by appellant, and neither would require reversal even if we had the power to consider them for that purpose.

The appeal is dismissed.

---

**3.** Appellant does complain that the docket entry of May 11, 1995, was not mailed to counsel. However, as we have noted, the transcript reflects the entry was announced in court. Rule 74.03 provides that upon entry of an order or judgment, notice of the entry is to be provided to "each party ... who was not present in court in person or by attorney at the time of the entry of such order or judgment." Appellant may not complain of the failure of the clerk to provide a copy of the entry under these circumstances.