Judy LINZENNI, Administrator of the Estate of Max G. Hoffman, Deceased, Respondent,

v.

Wilma E. HOFFMAN, Appellant.

No. 79128.

Supreme Court of Missouri, En Banc.

Jan. 21, 1997.

Rehearing Denied Feb. 25, 1997.

William J. Hill, Robert L. Shirkey, John R. Sanderford, Kansas City, for Appellant.

Douglas P. Wilson, Platte City, for Respondent.

HOLSTEIN, Chief Justice.

Wilma Hoffman appeals, claiming the circuit court lacked jurisdiction over the dissolution of marriage between her and her husband, Max Hoffman, because Max died before judgment was entered resulting in abatement of the action. Following opinion by the Missouri Court of Appeals, Western District, this Court granted transfer. *Rule 83.03*. Because an order dissolving the marriage was entered prior to Max's death, the doctrine of abatement is inapplicable. The judgment is affirmed.

## I.

After eight years of marriage, Max and Wilma separated in 1994. There were no children of the marriage. Max filed the peti-tion for dissolution of marriage in November 1994. Wilma's answer and cross petition admitted all jurisdictional facts and also sought a dissolution of marriage. A hearing was held on June 27, 1995. A "motion to reopen for additional evidence" was filed on July 7, 1995. This is followed in the legal file by a letter from Max's attorney dated July 12, 1995. The next documents in the legal file are a letter from the judge and a paper described in the clerk's certificate as "Judge Luckenbill's WORK SHEET" which reads as follows:

> Now, on this 27th day of June, 1995, comes Petitioner in person and by attorney Hon. *Douglas Wilson*. (Also appears Respondent, in person and by attorney, Hon. *Joh* [sic] *Chick)* Evidence heard. *Cause taken under advisement. On 7/13/95* Court finds jurisdictional allegations to be true. Marriage irretrievably broken. ORDERED DISSOLVED.
> *Court makes division of marital property—see letter of 7/13/95.*
> Maintenance *not awarded to either Party. Order deemed non-modifiable.*
> Costs taxed against Petitioner.
> All as per formal ORDER *to be* filed *by Pet.* [sic]

(The italicized portions are written by hand). This document is signed by Judge Luckenbill.

The letter, also signed by the judge, is dated July 13, 1995, and states:

> The court this day ruled on the above referenced cause submitted June 27, 1995. At that time, both petitioner and respondent appeared with their respective counsel. Evidence was submitted, but the court took the matter under advisement. This letter is intended to informally relate the determination of the court. We request Mr. Wilson [attorney for Max] provide a proposed formal decree of dissolution of marriage to more completely set forth the determination made in the case. We recommend this decree describe specifically the marital property being set aside to each party. To avoid misunderstanding, the court's intention is that Judgment in the case is made this date, although the formal Decree will be executed in the future. The court did receive on July 7,

1995 a MOTION TO REOPEN FOR ADDITIONAL EVIDENCE filed by respondent. That motion remains pending.

The letter orders the marriage dissolved, then proceeds to divide the marital property and marital debts, awards Max his pension and disability benefits, grants no maintenance or attorneys fees to either party and taxes costs to Max.

The trial court's docket sheet reflects a motion to reopen for additional evidence filed on July 7, 1995. The next docket entry is dated June 27, 1995. In words almost identical to the judge's signed work sheet, it states:

> On 7–13–95 Court finds jurisdictional allegations to be true. Marriage irretrievably broken. ORDERED DISSOLVED. Court makes division of marital property. See letter of 7–13–95. Maintenance not awarded to either party. Order deemed non-modifiable. Costs taxed against Petitioner. All as per formal ORDER to be filed by Petitioner's attorney.

The judge's name is typed on the docket sheet followed by the initials "bjc."

Max died at 8:00 am on July 14, 1995. Later that afternoon, a dissolution decree was faxed to the trial judge. The decree is dated July 13, 1995, although the docket sheet reflects that the decree was filed on July 14. Though couched in formalese, the provisions of the decree relating to dissolution of marriage, division of property, maintenance, attorneys fees and costs are indistinguishable from the letter of July 13.

On July 20, Wilma filed a motion for new trial. On September 14, Judy K. Linzenni, public administrator, was designated respondent in place of Max Hoffman, deceased. On October 6, Wilma filed a motion to set aside judgment as void for lack of jurisdiction. Following a hearing and argument on October 17, the trial court overruled all pending motions. Thereafter, Wilma perfected an appeal.

## II.

Wilma's first point on appeal is an attack on the trial judge's jurisdiction. It asserts that because there was no entry on the docket sheet dated July 13, 1995, the docket entry dated June 27 was not signed by the judge, the docket entry is not denominated "judgment," the letter of July 13, 1995, does not have a "filed" stamp placed there by the clerk, and the letter anticipates filing of a subsequent formal "order," there was no judgment prior to 8:00 a.m. on July 14, 1995, when Max died. She argues that because Max died before any judgment was entered, the dissolution of marriage action abated.

### A.

■ At the outset, this Court will not look behind the record on appeal to determine whether some document is or is not properly part of the legal file. The rules are clear on how disputes regarding the correctness of the legal file are to be handled.

> If there is any dispute concerning the correctness of any legal file or transcript, the party disputing the correctness thereof shall designate in writing to the appellate court those portions of the legal file or transcript that are disputed. Such designation shall be filed with the appellate court within fifteen days after the legal file or the transcript, whichever is in dispute, is filed.... The appellate court shall direct the trial court to settle the dispute and to certify the correct contents of such portion to the appellate court, and such certification by the trial court shall become part of the record on appeal.

*Rule 81.15(d).* Here, there has been no challenge to the correctness of the legal file.

■ Absent a timely challenge, a legal file duly certified or approved is presumed to be correct and complete. *Kummer v. Cruz,* 752 S.W.2d 801, 809 (Mo.App.1988); *Lawyers Co-op Publishing Co. v. Piatt,* 128 S.W.2d 1072, 1073 (Mo.App.1939). In addition, it is fundamental that on appeal the trial court's action is presumed to be correct and the burden is on the appellant to establish that the action was error. *Hardy v. McNary,* 351 S.W.2d 17, 20 (Mo.1961). The presumption of validity that surrounds a judgment extends to every essential fact that must have existed in order for the court to enter a valid decree. *Smith v. Smith,* 429 S.W.2d 771, 773 (Mo.App.1968). Under the above presump-

tions, the burden is not on the respondent to establish the documents and docket entry were filed prior to Max's death. The burden is on Wilma, the appellant, to affirmatively show that they were not filed prior to 8:00 a.m. on July 14, 1995.

■ Here nothing in the record suggests that the judge's work sheet or letter were written or filed after 8:00 a.m. on July 14, 1995, or that the docket entry was made after that time. In this particular case, it appears that Judge Luckenbill began preparing his work sheet on June 27, 1995, although he apparently did not complete it until July 13, 1995. That work sheet was signed by the judge and referred to a letter dated July 13, 1995. The work sheet was transcribed to the docket sheet by a clerk. The letter dated that day is also in the certified record on appeal and is signed by the judge. The judge's work sheet, and letter of July 13 are found in the certified record between a motion filed on July 7, 1995, and the decree placed in the file on July 14, 1995. The date on the letter and work sheet point only to a filing date of July 13, 1995. Wilma presents nothing that suggests a later filing. Consistent with the presumptions of completeness of the record and correctness of the trial court's ruling, it is presumed that the judge's work sheet and letter were filed prior to Max's death. The question remaining is whether those documents, read individually or together, are sufficient to overcome the claim that Max's death abated the dissolution of marriage action.

### B.

Our procedural rules are not specific as to what is excluded from the definition of judgment. Rather, the rules describe what is included:

> "Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated "judgment" is filed. The judgment may be a separate document or included on the docket sheet of the case.

*Rule 74.01(a).*

Among the most recent modifications to Rule 74.01(a), effective January 1, 1995, was the addition of the provision that a judgment is entered when a writing "denominated 'judgment' is filed." The intent of this procedural amendment was to remove confusion that existed as to when a pronouncement or judgment was final for purposes of appeal. Here there is no procedural question regarding finality of a judgment for purposes of appeal. The issue in this case is one of abatement or survival of an action, a question of substantive law that was not modified by an amendment to our procedural rules. The cases relied on by Wilma relate to the procedural question of when a final judgment is entered for the purposes of determining when it becomes appealable. *Kessinger v. Kessinger,* 935 S.W.2d 347 (Mo.App.SD 1996); *In re Marriage of Berger,* 931 S.W.2d 216 (Mo.App.SD 1996). The procedural rules and cases construing those rules are not dispositive of questions of substantive law.

■ The work sheet, signed by the judge and filed in the case, unequivocally states the marriage is "ORDERED DISSOLVED." This is unquestionably a valid order. *Rule 74.03.* Generally, jurisdiction abates in a dissolution of marriage action where one of the parties dies while the case is pending. However, under the policy of our dissolution of marriage act, the doctrine of abatement is inapplicable where a dissolution of marriage has been ordered prior to the death of a party, even though the order may be partial, interlocutory or not a final judgment resolving all issues in the case. *Fischer v. Seibel,* 733 S.W.2d 469, 472 (Mo.App.1987); *see* § 452.360.1. Because the marriage was ordered dissolved on July 13, 1995, there was no abatement of the action as a result of Max's death.

### III.

■ Wilma seeks to raise other claims here. She attacks the trial court's ruling on the motion to reopen for additional evidence, the propriety of the division of property, and the failure to award her attorney's fees.

Those issues were not raised in the brief before the court of appeals. On transfer to this Court, an appellant may not "alter the basis of any claim that was raised in the brief filed in the court of appeals." *Rule 83.08.* Those claims are denied.

For the reasons set forth above, the judgment is affirmed.

BENTON, PRICE, ROBERTSON and WHITE, JJ., concur.

COVINGTON, J., dissents in separate opinion filed.

LIMBAUGH, J., concurs in opinion of COVINGTON, J.

COVINGTON, Judge, dissenting.

I respectfully dissent. Before 1995, Rule 74.01(a) stated:

" 'Judgment' as used in these Rules includes a decree and any order from which an appeal lies." In 1994, this Court adopted a new Rule 74.01(a), effective January 1, 1995. This rule states:

"Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by a judge and denominated "judgment" is filed. The judgment may be a separate document or included on the docket sheet of the case.

Rule 74.01(a) is a procedural rule. The new rule imposes new, specific requirements to reduce the confusion that previously existed as to when a pronouncement or judgment was a final judgment for purposes of appeal; trial courts and litigants alike would be aware that the document was intended as a judgment. Anything less causes confusion as to whether a final judgment exists.

Because of the facts, I would like to be able to concur that this case is about abatement of an action and in no way implicates our Rule 74.01. I cannot, however, make that distinction. The order in this case has to be either appealable or not appealable; it has to be final, or not final. The majority gives the order dissolving the marriage permanent effect. The order, therefore, necessarily obtains the same status as a final judgment under Rule 74.01(a). Rule 74.01(a), therefore, applies. Its requirements are not met. Nothing in the file of this case indicates that any of the paperwork is a judgment. Even if our rule were amended to provide that the term "judgment" includes a "decree," the document or documents in this case would not meet the requirements of the rule. For these reasons, I do not believe that the Court can simply avoid determining the issue of the applicability of Rule 74.01(a) in this case.

For this reason, I dissent.