In the **ESTATE OF Clay E. HAYES, Jr., Deceased, Sherley McBride Hayes as Personal Representative, Respondent,**

v.

**Sherry A. HAYES, Appellant.**

**No. WD 52736.**

Missouri Court of Appeals, Western District.

May 5, 1998.

Leonard L. Meyer, Independence, for Appellant.

John W. Rogers, Columbia, for Respondent.

Before BRECKENRIDGE, P.J., and SPINDEN and HOWARD, JJ.

HOWARD, Judge.

Sherry Hayes appeals from the trial court's decree dissolving her marriage to Clay E. Hayes, Jr. Sherry Hayes contends that the decree of dissolution was invalid because of violations of § 487.030, RSMo 1994, because the trial court lacked jurisdiction to enter the decree, and because Clay Hayes allegedly advised the court that the marriage was not irretrievably broken. Sherry Hayes also claims there was error in the division of the marital property.

Appeal dismissed.

On September 14, 1995, Clay Hayes filed a petition to dissolve his twenty-seven year marriage to Sherry Hayes. Although Sherry Hayes was duly served, she did not file any kind of responsive pleading and she did not appear at the November 8, 1995 dissolution hearing before a commissioner of the family court. Accordingly, the commissioner found Sherry Hayes to be in default, and issued a decision based on the unrebutted evidence supplied by Clay Hayes. In her November 8, 1995 decision, the commissioner awarded Sherry Hayes all marital property in her possession, and awarded Clay Hayes the marital home and all personal property in his possession, including his retirement benefits, two automobiles, household goods, and a life insurance policy.

On December 8, 1995, Clay Hayes married Sherley McBride Hayes. Twelve days later, on December 20, 1995, Clay Hayes died. On February 8, 1996, Sherry Hayes filed a motion to set aside the commissioner's decision on the grounds that the commissioner's findings had not been adopted by a circuit court judge, and because Sherry Hayes had not received notice of the commissioner's findings or of her right to file a motion for a rehearing. The motion alleged that these omissions were violations of § 487.030, which provides that, upon conclusion of a hearing before a commissioner of the family court,

the commissioner shall transmit to the judge all papers relating to the case, together with his findings and recommendations in writing. Notice of the findings of the commissioner, together with a statement relative to the right to file a motion for rehearing, shall be given to the parties whose case has been heard by the commissioner, and to any other person that the court may direct. This notice may be given at the hearing, or by certified mail or other service directed by the court.

The motion also sought relief under Rule 74.06(b), claiming that the division of marital property was weighted so heavily in favor of Clay Hayes as to amount to an abuse of discretion.

On March 7, 1996, the commissioner held a hearing on Sherry Hayes' motion to set aside the decision. Sherry Hayes appeared at the hearing, and testified that her sole income was $601.00 a month in Social Security disability benefits. She stated that she had worked during the marriage as a housekeeper at the Truman Medical Center, where she had been employed for eighteen years. She further testified that her income contributed to payments on the marital home. In addition, Sherry Hayes testified that the value of

the pension plan awarded to Clay Hayes was $28,251.15.

Sherry Hayes' motion to set aside the commissioner's decision was overruled in a March 19, 1996 order issued by the commissioner. However, the order also contained the following provisions:

It appearing there is no record in the court's file that the notice of right to rehearing was mailed along with the judgment and decree of dissolution, the clerk is directed to provide to petitioner and respondent a notice of right to rehearing, along with this order, and each party shall have 15 days thereafter to file a motion for rehearing before a family court judge.

On March 28, 1996, Sherry Hayes filed a motion for rehearing, incorporating the claims set out in her motion to set aside the commissioner's findings.

On April 24, 1996, Sherry Hayes' motion for rehearing was denied by the trial court, which found that there was insufficient evidence to support a conclusion that the distribution of property was unfair, inequitable, or unconscionable. The trial court also denied relief on Sherry Hayes' claim that she did not receive notice of her right to a rehearing, holding that any prejudice to Sherry Hayes was remedied by the March 19, 1996 order, which allowed her additional time to file a motion for rehearing. The court also determined that, in the case of a default judgment, a failure to provide notice of a right to a rehearing does not void the commissioner's original findings.

The trial court also denied relief on Sherry Hayes' claim that the commissioner's findings had not been adopted by a circuit court judge, finding that the claim was resolved by Boone County Family Court Administrative Order 28–94, which was in effect at the time that the commissioner entered her decree of dissolution in the case at bar. Administrative Order 28–94 provided that the findings and recommendations entered by the commissioner in any proceeding before her "are confirmed and made the order of the judge of the family court upon the expiration of the fifteen (15) days from the date that all the parties received notice and could have filed

but did not file a motion for rehearing as provided by Section 487.030, RSMo."

We will first address Sherry Hayes' second point on appeal, as that is dispositive of this case. Sherry Hayes claims that the trial court failed to adopt the decision of the commissioner before Clay Hayes' death, and consequently the trial court lost jurisdiction over this case before a final judgment could be entered. Therefore, Ms. Hayes argues, the trial court's final judgment in this case is void.

 This case is governed by *Slay v. Slay*, 965 S.W.2d 845 (Mo. banc 1998), which held that decisions entered by a family court commissioner are not final, appealable judgments, as only judges are authorized by article V of the state constitution to enter judgments. This means that the passing of a deadline following a period of inactivity is insufficient to convert a commissioner's decision into a judgment, and thus § 487.030 did not transform the commissioner's findings and conclusions into a judgment of the court upon the expiration of a fifteen-day period. Moreover, pursuant to *Slay*, administrative order 28–94, which was entered prior to the commissioner's decision, was not sufficient to convert the decision into a judgment. The fact remains that, upon the passing of the deadline set out in administrative order 28–94, there was not a decision filed *in this case* which was signed by a person authorized to exercise judicial power by article V.

 Consequently, when Clay Hayes died on December 20, 1995, there was no judgment dissolving the parties' marriage. Upon the death of a party to a dissolution action, the action abates and the court loses jurisdiction. *Linzenni v. Hoffman*, 937 S.W.2d 723, 726 (Mo. banc 1997).

It is true that, under the policy of our dissolution of marriage act, the doctrine of abatement is inapplicable where the trial court enters a partial or interlocutory judgment dissolving the marriage. *Id.* But obviously, this exception does not apply where there is no judgment at all, as is the case here, since only a judge can enter a judgment, whether partial, interlocutory, or final.

The appeal is dismissed and the trial court is ordered to dismiss the case styled *Clay E. Hayes, Jr. v. Sherry A. Hayes,* No. 95DR063010, Circuit Court of Boone County, Missouri. *In re Marriage of Harms,* 563 S.W.2d 781, 782 (Mo.App. S.D.1978).

All concur.