**Monica M. NANDAN, Appellant/Cross–Respondent,**

v.

**Catherine J. DRUMMOND, Respondent/Cross–Appellant.**

Nos. WD 55333, WD 55334 and WD 55462.

Missouri Court of Appeals, Western District.

Sept. 14, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 2, 1999.

Application to Transfer Denied Dec. 21, 1999.

John McFarland, Kansas City, for Appellant.

Keith Ferguson, St. Joseph, for Respondent.

FOREST W. HANNA, Presiding Judge.

Both parties have filed an appeal in this case which arises out of a personal injury suit tried in the Buchanan County Circuit Court. The plaintiff, Monica M. Nandan, was a pedestrian who was hit by a vehicle driven by the defendant, Catherine J. Drummond. On August 6, 1997, the jury returned a verdict of $150,000 for the plaintiff, apportioning 75 percent fault to the plaintiff and 25 percent fault to the defendant. On August 25, 1997, the trial court entered its initial judgment in accordance with that verdict. The court subsequently set aside its initial judgment and, on November 18, 1997, entered a new judgment in order to allow the plaintiff to timely file a motion for new trial. The plaintiff's motion for new trial was denied on December 22, 1997. The plaintiff appeals from the November 18, 1997 judgment, and the defendant cross-appeals. Because we hold that the trial court was without authority to set aside its earlier judgment, the trial court's judgment dated August 25, 1997, is reinstated and the plaintiff's appeal is dismissed.

On Sunday, March 25, 1995, at approximately 6:20 P.M., the plaintiff and her fiancé's mother went for a walk. They walked along the Briarwood Apartment complex private ingress/egress road until it intersected with Gene Field Road, a two-lane road that runs east and west. At the intersection, they turned westward and walked along the northern side of Gene Field Road, which does not have a sidewalk, and where the area next to the road has an uneven, grassy slope. To accommodate a prior toe injury, the plaintiff was walking on the edge of the pavement that carries the water run-off. The plaintiff testified that they were walking with the traffic, because the heavy traffic and the lack of a crosswalk across Gene Field Road made the road difficult to cross.

At the same time, the defendant was driving westbound on Gene Field Road when she encountered a low setting sun. Although she was wearing sunglasses, and had her car visor down, she testified that her vision of the roadway was blinded at times. At some point, the defendant had to strain to see the roadway in front of her, and she used her peripheral vision to see the center line of the road to her left and the curb on her right. The plaintiff had walked approximately 90 feet with the flow of traffic along Gene Field Road, when she was struck from behind by the defendant's car. The defendant never saw the plaintiff before hitting her with the right front corner of her car. She was unaware that she had hit anyone until she looked in her rear view mirror and saw the plaintiff lying in the road.

The defendant, in her cross-appeal, challenges the trial court's jurisdiction to set aside its initial judgment, entered in accordance with the jury verdict, in order to allow the plaintiff to timely file her motion for a new trial. We hold that the plaintiff's motion for a new trial was filed out of time, thus, the plaintiff failed to preserve her allegations of error for review. Rule 78.07 requires that "[i]n jury tried cases, ... allegations of error to be preserved for appellate review must be included in a motion for a new trial...." *Id.*

The jury returned its verdict on August 6, 1997. Five days later, the trial judge sent a letter to the parties indicating that he would sign a judgment in accordance

with the jury verdict on August 26, 1997. Plaintiff's trial counsel testified that he calculated the 30–day period for filing a motion for new trial, per Rule 78.04, from the August 26th date. He subsequently received a copy of the court's judgment in the mail. The judgment was dated August 25, not August 26—the date from which he calculated the 30–day time period.

The plaintiff's post-trial motions were filed on September 25, 1997, unfortunately one day past the 30–day deadline. Upon discovery of this mistake, the plaintiff filed a motion to set aside the judgment. The court sustained the motion on November 17, 1997, basing its decision on Rule 74.06. Accordingly, the court set aside its August 25th judgment and re-entered a new judgment on November 18, 1997. The trial court first found that the plaintiff's motion for new trial was:

> [F]iled one day beyond the 30–day period after entry of judgment provided by Rule 78.04 for filing after-trial motions and is, therefore, untimely.[1] Plaintiff had actual notice of entry of judgment through receipt by Plaintiff's counsel of a copy of the judgment signed by the Court on August 25, 1997, posted to Plaintiff's counsel on that date, and received by Plaintiff's counsel shortly thereafter.

The trial court then denied the plaintiff's request to set aside the judgment pursuant to Rule 74.03, but found that:

> Plaintiff's Motion for Relief From Judgment Pursuant to Rule 74.06 should be sustained and that the Court should grant the equitable relief prayed for because of inadvertence, mistake and/or excusable neglect. The Court finds no

prejudice to the Defendant because of the one-day delay. The judgment entered August 25, 1997 should be set aside as if never entered[.]

The trial court then overruled the plaintiff's motion for new trial.

■ The defendant claims that the trial court erred in granting plaintiff's motion to set aside the August 25th judgment, pursuant to Rule 74.06(b)(1), which allows the trial court to set aside a judgment for "mistake, inadvertence, surprise or excusable neglect." Of the procedural means for setting aside judgments, Rule 74.06 requires the highest standard for setting aside a judgment in light of the interest in stability of final judgments and precedent. *Cotleur v. Danziger*, 870 S.W.2d 234, 236 (Mo. banc 1994). However, "the trial court is afforded broad discretion when acting on a Rule 74.06 motion ... [and an] appellate court should not interfere unless the record convincingly indicates an abuse of discretion." *Gibson v. White*, 904 S.W.2d 22, 24 (Mo.App.1995).

In support of her argument that Rule 74.06 is inappropriate for setting aside the judgment, the defendant first argues that Rule 74.06 "only applies to mistakes or misconduct occurring before or at the time a court enters its judgment." The defendant maintains that the plaintiff's failure to "observe and note the date of the judgment [was] a post-judgment mistake." In response, the plaintiff claims that "the mistake occurred in the pre-judgment time frame when [plaintiff's] counsel mistakenly relied upon the trial judge's incorrect representation of the signing date in [its] August 11, 1997 letter." As a result, the

---

1. Previously, Rule 78.04 required that a motion for new trial "shall be filed not later that 30 days after the entry of judgment on a jury verdict, which judgment shall be entered as of the date of the verdict." *See Mosher v. Levering Inv., Inc.*, 806 S.W.2d 675, 676 (Mo. banc 1991)(ruling that the date that starts the time period for filing a motion for new trial is the date of the jury verdict). In 1994, the phrase "which judgment shall be entered as of the date of the verdict," was deleted. Although our review of the case law finds no Missouri court opinion that directly addresses this amendment to Rule 78.04, *see e.g., Kessinger v. Kessinger*, 935 S.W.2d 347, 349 (Mo.App. 1996), the deletion of the phrase indicates that the jury verdict no longer controls the filing deadline and that the triggering event, commencing the 30–day time period, would be the entry of the court's formal written judgment.

plaintiff contends that the granting of the motion to set aside the August 25 th judgment was "well within the wide discretion accorded the trial court when considering 74.06 motions."

In *Willey v. Gum*, this court determined that "Rule 74.06 contemplates 'mistake' that leads to the judgment from which the movant seeks relief. Nothing in the rule suggests that it applies to post judgment mistake[s]." 902 S.W.2d 857, 859 (Mo. App.1995). The *Willey* court then found that the trial court did not have jurisdiction to reinstate the case because, although the circuit court clerk erred in failing to send the attorney a copy of the costs assessed in the case following its dismissal, such post-judgment error was not a mistake contemplated by Rule 74.06(b)(1). *Id.* See also *Missouri Dept. of Labor and Indus. Relations v. Ron Woods Mechanical, Inc.*, 926 S.W.2d 537, 541 (Mo.App.1996)(ruling that Rule 74.06 "applies only to mistakes or misconduct before or at the time the court entered its judgment").

■■ It is a well-established rule that a lawyer has a duty to know what is going on in his case, and he must vigilantly follow its progress. *Vaughn v. Ripley*, 446 S.W.2d 475, 480 (Mo.App.1969). Equity will not provide relief from a mistake when the complaining party had within his reach the means of ascertaining the true state of facts and neglects to avail himself of his opportunities for information. *Cozart v. Mazda Distrib., Inc.*, 861 S.W.2d 347, 353 (Mo.App.1993).

■ The critical error was failing to compute the time for filing a post-trial motion from the date of the judgment, which was clearly displayed on the August 25 th judgment entry. Failing to compute the time limitation from the date the judgment was a post-judgment error. The error was not a pre-judgment calculation of the motion's due date based on an intended judgment date. As such, the error is not contemplated by Rule 74.06.

■ Additionally, the defendant contends that the plaintiff's untimeliness was a "mistake of law"—as counsel's "failure to know that the judgment received by him was in fact the final judgment"—which is also not a basis for setting aside the judgment under Rule 74.06. We agree with the plaintiff that the mistake was not a mistake of law. Counsel did not err in determining the legal effect of the judgment, nor did he err in assessing the correct time period in which to file the plaintiff's post-trial motions.

The defendant contends that plaintiff's counsel's error cannot be deemed "excusable neglect" pursuant to Rule 74.06(1). Excusable neglect is defined as:

> Failure to take the proper steps at the proper time, *not in consequence of the party's own carelessness, inattention,* or willful disregard of the process of the court, but in consequence of some unexpected or unavoidable hindrance or accident, or reliance on the care and vigilance of his counsel or on promises made by the adverse party.

*Gibson*, 904 S.W.2d at 25 (quoting BLACK'S LAW DICTIONARY 566 (6 th ed.1990))(emphasis added). "[C]ourts have consistently held that circumstances involving the human element of forgetfulness do not constitute excusable neglect." *Gibson*, 904 S.W.2d at 25 (quoting *Burris v. Terminal R.R. Ass'n*, 835 S.W.2d 535, 539 (Mo.App. 1992)). See also *Cotleur*, 870 S.W.2d at 239 (finding the appellant's attorney, who failed to appear at a scheduled court hearing, guilty of "inexcusable neglect" which was imputable to his client).

■ "Generally, actions of a party's attorney, including procedural neglect that precludes a client's substantive rights, are imputed to the client." *Cotleur*, 870 S.W.2d at 238. Counsel's argument for filing the plaintiff's post-judgment motions out of time—his failure to discern the actual judgment date—was not a matter of excusable neglect. Since there were no competent grounds under Rule 74.06(b)(1)

to set aside the August 25th judgment, the trial court was without a legal basis to grant plaintiff's motion to set the judgment aside. *Gibson,* 904 S.W.2d at 26.

■ The plaintiff also argues that the August 25th entry failed to meet the requirements of Rule 74.01(a) because "it was not filed with the clerk on August 25, 1997, and the trial judge did not indicate a filing date on the document and transmit the same forthwith to the clerk." Thus, she argues because the document was not "filed" per Rule 43.02(b),[2] and, in turn, not entered, it was not a judgment. This is plaintiff's only challenge to the judgment. Rule 74.01(a), in effect at the relevant time, provides:

> "Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated "judgment" is filed. The judgment may be a separate document or included on the docket sheet of the case.

Rule 74.01(a) requires that "a judgment must be (1) in writing, (2) signed by the judge, (3) denominated 'judgment,' and (4) filed." The rule is a "bright line" test to determine when a judgment becomes final and appealable. *City of St. Louis v. Hughes,* 950 S.W.2d 850, 853 (Mo. banc 1997).

At the outset, we observe that a reading of the record makes it unmistakably clear that the trial court intended that the document was a final judgment. *Kessinger v. Kessinger,* 935 S.W.2d at 350. The August 25, 1997 judgment did not have a file stamp. Rule 74.01(a) requires that a judgment be filed. "The presumption of validity that surrounds a judgment extends to every essential fact that must have existed in order for the court to enter a valid decree." *Linzenni v. Hoffman,* 937 S.W.2d 723, 725 (Mo. banc 1997)(citing *Smith v. Smith,* 429 S.W.2d 771, 773 (Mo. App.19.1968)).

Plaintiff's challenge is a procedural question as to the time when a final judgment is entered for purposes of determining when it becomes appealable. *Id.* at 726 (citing *Kessinger,* 935 S.W.2d 347). A file stamp shows that the judgment was filed in accordance with Rule 74.01(a).[3] Notwithstanding the plaintiff's argument, there is no evidence that the judgment was not "transmitted to the clerk's office."[4] *See Linzenni,* 937 S.W.2d at 726 (finding

---

**2.** Rule 43.02(b) makes specific reference to "pleadings and other papers,"—not to judgments—filed with the judge, and requires that the judge shall note thereon the filing date, and forthwith transmit them to the office of the clerk. Whether the phrase "pleadings and other papers" includes court judgments is not decided here because Rule 74.01(b) requires the judgment to be filed. However, the rule definitely covers the filing of documents other than judgments, which are filed by the parties. See *Thornton v. Deaconess Med. Ctr.-West Campus,* 929 S.W.2d 872, 874 (Mo.App.1996)(addressing a party's attempt to file a voluntary dismissal); *Atteberry v. Hannibal Reg'l. Hosp.,* 926 S.W.2d 58, 60 (Mo.App.1996)(regarding an application for change of judge); *Hawthorne v. Hills,* 861 S.W.2d 337, 340 (Mo.App.1993)(regarding a motion for new trial); *Morant v. State,* 783 S.W.2d 139, 140 (Mo.App.1989)(determining that a Rule 29.15(c) motion is not "considered filed until it is lodged in the clerk's office"). See also *Calvin v. Jewish Hosp. of*

*St. Louis,* where the trial court's order and date prevailed over the clerk's file stamp date, which showed the notice of appeal filed out of time. 746 S.W.2d 602, 603 n. 1 (Mo.App. 1988).

**3.** The entry of a judgment upon the records is a ministerial act of the clerk. *Rehm v. Fishman,* 395 S.W.2d 251, 255 (Mo.App.1965). *Allen v. Gibbons,* distinguishes "between the force of the judicial act of the court in *rendering* judgment and the *ministerial* act of entering it upon the record." 425 S.W.2d 243 (Mo.App.1968).

**4.** The plaintiff argues that the judgment was never transmitted to the clerk because her attorney requested the file from the clerk's office on October 14, 1997, the day the court heard arguments on the post-trial motions. The clerk indicated that she did not have the file. The fact that the file was not with the clerk on the day of argument makes such inference speculative.

that documents in the file "point only" to a filing date of the date they were signed, and, therefore, the court ruled that it is presumed that the documents were filed as of the date they were dated). Here, we can not ignore the court's statement that he placed the judgment in the court file. Moreover, the docket sheet, headed "Documents Filed/Action Taken in Case" displays the handwritten entry dated August 25, 1997, which reflects the action taken in the case and the document filed.[5] It is initialed, *In re the Marriage of Berger,* 931 S.W.2d 216–17 (Mo.App.1996) and, in written form, an abbreviated, understandable description of the written judgment. That satisfies the entry of the judgment. In *Linzenni,* "the judge's work sheet" similar to the one here, and his letter order written approximately two weeks later, were considered sufficient to constitute a final appealable judgment which abated the cause of action. *Id.* at 726. Given these considerations, the August 25 th judgment was in compliance with Rule 74.01(a) as it was in writing, signed by the judge, denominated 'judgment,' and filed. The judgment is not invalid because it was not file-stamped.

Finally, the plaintiff maintains that the trial court erred in failing to set aside the August 25 th judgment, pursuant to Rule 74.03, because the judgment did not contain a notice of the *entry* of the judgment. Rule 74.03 provides:

> Immediately upon the entry of an order or judgment, the clerk shall serve notice of the entry by mail ... upon each party.... If such notice is not given, the order or judgment shall be set aside for good cause shown upon written motion filed within six months from entry of the order or judgment.

The defendant responds that the plaintiff had actual notice of the judgment, no good cause exists to set aside the judgment and, therefore, the trial court did not err in failing to vacate the judgment pursuant to Rule 74.03. The plaintiff concedes that she received a copy of the signed judgment, however, she contends it was deficient because it was not served with "notice of the entry," *i.e.,* notice that the document had been filed of record in the case. As a result of this deficiency, plaintiff's counsel relied upon the letter from the judge indicating that a judgment would be entered on August 26, 1997.

■ In order to have the judgment set aside under Rule 74.03, the plaintiff must demonstrate "good cause to permit relief under Rule 74.03" and "must make a showing of some prejudice." *In re Marriage of DuBois,* 875 S.W.2d 223, 227 n. 2 (Mo.App.1994)(citing *Herrin v. Straus,* 810 S.W.2d 593, 598 (Mo.App.1991)). "Good cause has been identified as an amorphous concept which generally includes 'both a legitimate excuse for allowing the default to occur and a showing of some prejudice.'" *Tinsley v. Gosnell,* 873 S.W.2d 943, 944 (Mo.App.1994) (quoting *Krueger v. Perez,* 764 S.W.2d 173, 175 (Mo.App. 1989)).

■ There are numerous cases in which courts have found that the party seeking to have a judgment set aside cannot show good cause, under Rule 74.03, if the party had actual knowledge of the judgment entered against them. *See Carr v. Missouri Delta Med. Ctr.,* 890 S.W.2d 324, 327 (Mo.App.1994)(holding that "[a] party who has knowledge of an order or judgment is not prejudiced by failure of the clerk to send notice that it was entered"). *See also Marriage of DuBois,* 875 S.W.2d at 227 n. 2; *Fireman's Fund Ins. Co. v. Brouk–Ziegler Motor Co.,* 841 S.W.2d 778, 780 (Mo.App.1992); *Warren v. Associated Farmers, Inc.,* 825 S.W.2d 901,

---

**5.** The docket sheet has the following handwritten entry for August 25, 1997:

> D files ltr oking P cost requests Ct takes up entry of jmt & awards P jmt vs. D for net $37,057.65 (Dmgs 37,500 + P costs 624.50 less D costs 1066.85) cc attys to be mailed by clerk

> The docket entry was signed with the initial "R".

905 (Mo.App.1992); and *McDonald Co. Mercantile Bank v. Harp,* 779 S.W.2d 21, 24 (Mo.App.1989)(ruling that "failure to receive notice of the entry of the judgment from the court clerk ... did not deprive [the complaining party] of any knowledge the notice would have imparted, as he already possessed that information"). The purpose of Rule 74.03 is to "afford parties time in which to challenge judgments or orders of *which they were otherwise unaware." State ex rel. Vicker's, Inc. v. Teel,* 806 S.W.2d 113, 117 (Mo.App.1991)(emphasis added).

 The plaintiff attempts to discredit this case law as "poor yardsticks by which to measure the good cause standard" because they were decided prior to the 1995 amendment of Rule 74.01(a). The amendment to Rule 74.01(a) does not change the fact that actual awareness of a judgment defeats the claim of good cause pursuant to Rule 74.03. As an example, the Eastern District, in August of 1995, endorsed the prior case law by finding that:

> While apparently the court clerk did not send Plaintiff notice of the [judgment,] Defendants' attorney did and it was received by Plaintiff ... at a time when the trial court still retained jurisdiction over the matter for fifteen days. Any failure of the court clerk in mailing the [judgment] to Plaintiff does not automatically affect its validity.... Plaintiff has not established prejudice. Furthermore, even if Rule 74.03 were the applicable rule, Plaintiff has not shown good reason or excuse nor good cause to have the [judgment] set aside.

*Bell v. Wolff,* 903 S.W.2d 291, 294 (Mo. App.1995).

In this case, the trial court found that the "[p]laintiff had actual knowledge of the judgment signed by the Court on August 25, 1997, posted to Plaintiff's counsel on that date, and received by Plaintiff's counsel shortly thereafter." Moreover, plaintiff acknowledges that she received a copy of the judgment. As a result, the plaintiff has failed to make the requisite showing of good cause under Rule 74.03, and the trial court did not err in denying her request to set aside the judgment under that rule.

The trial court, however, was without jurisdiction to set aside the August 25th judgment, as discussed *supra,* under Rule 74.06(b)(1). As a result, we reluctantly conclude that the plaintiff's motion for new trial was filed out of time, and plaintiff's appeal must be dismissed, as she has not preserved her allegations of error pursuant to Rule 78.07. The plaintiff's appeal is dismissed and the cause is remanded to the trial court with directions to reinstate the August 25, 1997, judgment.

ELLIS and RIEDERER, JJ., concur.