Stanley F. TEMARES, Jr., Appellant,

v.

LSK LEBANON, INC., and American Suzuki Motor Corp., Respondents.

No. SD 30773.

Missouri Court of Appeals, Southern District, Division Two.

April 22, 2011.

Shannon M. Rulo, St. Louis, MO, for Appellant.

Jason T. Peters, Overland Park, KS, for Respondent LSK Lebanon, Inc.

Dan H. Ball, St. Louis, MO, for Respondent American Suzuki Motor Corp.

WILLIAM W. FRANCIS, JR., Judge.

Stanley F. Temares, Jr. ("Appellant"), seeks review of the trial court's decision to sustain the joint "Motion to Dismiss, or, Alternatively Motion for Summary Judg-

ment" of LSK Lebanon, Inc., and American Suzuki Motor Corp. (collectively "Respondents"). Respondents seek to dismiss the appeal as untimely in violation of Rule 81.04.[1] We sustain Respondents' joint motion and dismiss the appeal.

### Facts and Procedural History

On February 16, 2010, Appellant filed suit against Respondents. The petition was filed in three counts and asserted alternative theories based upon negligence, strict liability in tort, and "intentional conduct." Appellant alleged repairman and friend, John Campbell, entered his boat to examine a problem with the trim motor spontaneously activating and causing the outboard motor to tilt into the boat. The petition asserted Mr. Campbell was lying on the deck of the boat in a position to examine the problem when the trim motor activated without warning causing the outboard motor to tilt and crush Mr. Campbell, resulting in his death. Appellant alleged Respondents were responsible for his post-traumatic stress disorder because one or more of Respondents' acts or omissions caused Mr. Campbell's death, which Appellant witnessed.

On April 1, 2010, each Respondent filed a motion to dismiss for failure to state a cause of action upon which relief could be granted or, alternatively, for summary judgment, along with statements of uncontroverted fact and memorandums in support of their position.

On June 16, 2010, the trial court conducted a hearing and the motions were argued. The trial court's docket entry from that day recited:

> Court takes up pending motions and finds that there are no material questions of fact and that the petition claims only emotional injury from witnessing the injury and death of John Campbell. The [Appellant] states he was not in any danger and had no fear of danger of injury to himself. His only claims of injury are for emotional distress from viewing the injuries to another. [Appellant] was not and does not claim to be in the zone of danger as required by [*Asaro v. Cardinal Glennon Memorial Hospital*, 799 S.W.2d 595 (Mo. banc 1990)] which the court finds to be the controlling authority herein. Therefore, the [Respondents'] Motions for Summary Judgment are sustained and the court enters its Judgment for the [Respondents] as a matter of law. Case dismissed with prejudice at [Appellant's] costs. Clerk to notify counsel of this ruling.

The trial court initialed the entry.

On June 17, 2010, the docket sheet recited that "notice of entry" was provided to the attorneys. On July 8, 2010, Appellant's attorney contacted the court clerk inquiring as to when the court might rule on the motions. Appellant's attorney reported he had not received a copy of the June 16 Judgment. Upon receiving that inquiry, a docket entry was made which recited:

> Notice of entry docketed for 6/17/10 not located in case file. As per counsel, no notice of entry has been received by any party; therefore, on this date, copy of Judge Moores [sic] docket entry sent to all counsel of record[.]

On July 14, 2010, an order was entered on the docket sheet stating:

> The court finds that there is no just reason for delay & therefore deems its summary judgment final for purpose of appeal.

Appellant's notice of appeal was filed August 6, 2010. On August 27, 2010, Re-

---

1. All rule references are to Missouri Court Rules (2010).

spondents filed their joint motion to dismiss asserting that the notice of appeal was not timely and as a result, this appeal could not be heard and was outside of the court's jurisdiction. Appellant argues that the notice of appeal was timely filed because it was filed within thirty days of the July 14, 2010, order of the court. We disagree and sustain the Respondents' motion to dismiss.

## Analysis

The trial court's decision on June 16, 2010, constituted a "Judgment" pursuant to Rule 74.01.[2] The docket entry was "signed by the judge" as contemplated by Rule 74.01(a) as the judge's handwritten initials were made at the end of the entry. *Kessinger v. Kessinger*, 935 S.W.2d 347, 349 (Mo.App. S.D.1996). It was also clear from the entry in the docket sheet that it was denominated a "Judgment" by the trial court. *Id.* It specifically recited that "the [Respondents'] motions for summary judgment are sustained and the court *enters its Judgment* for the [Respondents] as a matter of law" and dismissed the case with prejudice. (Emphasis added). The trial court also dismissed the case with prejudice and taxed costs against Appellant, which likewise indicated that the trial court intended the docket entry to be its Judgment. The taxation of cost clearly separates the Judgment from a mere docket entry. This docket entry was sufficient

to meet the requirements for a Judgment and to initiate the timing as to when the Judgment was final. *Id.*

Therefore, pursuant to Rule 81.04 the June 16, 2010, Judgment, became final for purposes of appeal on July 16, 2010, and Appellant was required to file his notice of appeal on or before July 26, 2010. *See* Rule 81.04(a). Contrary to Appellant's contention, the docket entry for July 14, 2010, was not effective to extend the deadline for filing a notice of appeal as a Judgment, pursuant to Rule 74.01, was already entered.[3]

Appellant's claim that he did not receive a copy of the notice, as reflected by the docket sheet on June 17, 2010, could have been rectified by use of Rule 74.03. That rule provides:

> Immediately upon the entry of an order or judgment, the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 43.01 upon each party who is not in default for failure to appear and who was not present in court in person or by attorney at the time of the entry of such order or judgment. If such notice is not given, the order or judgment shall be set aside for good cause shown upon written motion filed within six months from the entry of the order or judgment. This Rule 74.03 shall not preclude relief under Rule 74.06.

---

2. Rule 74.01(a) provides:

   "Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated "judgment" or "decree" is filed. The judgment may be a separate document or entry on the docket sheet of the case. A docket sheet entry complying with these requirements is a judgment unless the docket sheet entry indicates that the court will enter the judgment in a separate document.

The separate document shall be the judgment when entered.

3. Rule 74.01(b) only applies when a trial court's ruling disposes of fewer than all claims and parties. *Atkins v. Jester*, 309 S.W.3d 418, 423 (Mo.App.S.D.2010); *Title Partners Agency, LLC v. Dorsey*, 308 S.W.3d 308, 310 (Mo.App. E.D.2010). Here, the trial court had already disposed of all issues against all parties and left nothing for further determination. Accordingly, the July 14 docket entry was a nullity.

Because Appellant's attorney was aware of the decision by the court, at least as of July 8, 2010, appropriate relief was available pursuant to Rule 74.03. However, Appellant did not avail himself of Rule 74.03, but instead filed an untimely notice of appeal.

Accordingly, Appellant's notice of appeal was untimely pursuant to Rule 81.04; therefore, this Court is without jurisdiction and must dismiss the appeal.[4] *Spicer v. Spicer*, 336 S.W.3d 466, 471–72 (Mo. banc 2011).

RAHMEYER, P.J., and BATES, J., Concur.

---

4. We also note that Appellant's brief was not in compliance with Rule 84.04 and would be subject to dismissal on that basis. The points relied on are defective. As an example, Point I states:

APPELLANT WAS A DIRECT VICTIM, THUS, THE ZONE OF DANGER TEST IS NOT APPLICABLE IN THIS MATTER &

APPELLANT'S NEGLIGENCE–BASED PRODUCTS LIABILITY CLAIMS SHOULD HAVE BEEN PERMITTED TO STAND.

It was followed by Point II which states:

APPELLANT ASSERTS VALID STRICT LIABILITY CLAIMS.

The remaining points are equally defective.