In re the Matter of: Miraquelle BUTLER, by Her Next Friend, Rebekah ROLLER and Rebekah Roller, Individually, Respondent,

v.

Robert Shannon BUTLER, Appellant.

No. WD 74185.

Missouri Court of Appeals, Western District.

June 5, 2012.

---

Dan J. Pingelton, for Appellant.

Mark A. Gilmore, for Respondent.

Before Division One: JOSEPH M. ELLIS, Presiding Judge, ALOK AHUJA, Judge, and GARY D. WITT, Judge.

JOSEPH M. ELLIS, Judge.

Robert Butler ("Father") appeals from a judgment of paternity entered in the Circuit Court of Clay County. For the following reasons, the appeal is dismissed.

On September 8, 2000, Rebekah Roller ("Mother") filed the present action in the Circuit Court of Clay County against Father seeking a declaration of paternity and an order of child support related to their daughter, Miraquelle Butler. Father failed to file an answer and defaulted. Father appeared at the hearing before the Family Court Commissioner but was not allowed to introduce any evidence. On January 29, 2002, the Commissioner entered findings and recommendations declaring Father to be Miraquelle's father and awarding Mother sole legal and physical custody of the child. Father was ordered to pay $623.00 per month in child support and $9,968.00 in retroactive child support.

Father subsequently filed a *pro se* Petition for Rehearing. On February 15, 2002, Circuit Court Judge James Welsh entered a hand-written and initialed docket entry stating, "Motion for re-hearing taken up & denied. Findings and Recommendations adopted & confirmed. Judgment accordingly."

For reasons unexplained by the record, on June 20, 2011, long after Judge Welsh had been appointed to this Court, Judge K. Elizabeth Davis signed the commissioner's findings and recommendations. A corresponding docket entry states, "Circuit Judge K. Elizabeth Davis signed document pursuant [sic] to Rule 487.030 (Judge J. Welsh made the docket entry 2–15–2002, however, failed to sign the document)." Thereafter, Father filed this appeal.

Father now brings two points on appeal challenging the findings and recommendations adopted by the circuit court. He does so under the mistaken assumption that judgment was not entered in this case until June 20, 2011, when Judge Davis

signed the document drafted by the Commissioner.

■ At all times relevant to this case, Section 487.030.1 [1] has provided that "[t]he findings and recommendations of the commissioner shall become the judgment of the court when adopted and confirmed by an order of a circuit or associate circuit judge." Likewise, at all times relevant to this case, Rule 74.01(a) has stated:

> "Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated "judgment" or "decree" is filed. The judgment may be a separate document or entry on the docket sheet of the case. A docket sheet entry complying with these requirements is a judgment unless the docket sheet entry indicates that the court will enter the judgment in a separate document.

A judge's handwritten initials added to a docket entry have long been recognized as a sufficient "signing" to satisfy Rule 74.01(a). *See Temares v. LSK Lebanon, Inc.*, 342 S.W.3d 331, 333 (Mo.App. S.D. 2011); *In re Prough*, 8 S.W.3d 186, 187 (Mo.App. W.D.1999); *Kessinger v. Kessinger*, 935 S.W.2d 347, 349 (Mo.App. S.D. 1996); *In re Marriage of Berger*, 931 S.W.2d 216, 217 (Mo.App. S.D.1996).

■ Specific to this case, Judge Welsh's docket entry was clearly denominated a judgment,[2] specifically adopted and confirmed the findings and recommendations of the commissioner, and was signed with his handwritten initials. Accordingly, judgment was properly entered on February 15, 2002, and Judge Davis' subsequent judgment entry was unnecessary and duplicative.

■ Since no timely motion was filed after the entry of judgment, the judgment became final thirty days later. Rule 81.05. In order to appeal from that judgment, Father was required to file his notice of appeal within ten days of the judgment becoming final. Rule 81.04(a). Father's notice of appeal, filed on July 25, 2011, was over nine years too late.

■ "Timely filing of a notice of appeal is jurisdictional." *Spicer v. Donald N. Spicer Revocable Living Trust*, 336 S.W.3d 466, 471 (Mo. banc 2011) (internal quotation omitted). Absent a timely notice of appeal, this Court is without jurisdiction and must dismiss the appeal. *Id.* at 471–72.

All concur.

1. All statutory references are to RSMo 2000 unless otherwise noted.

2. *See M & H Enters. v. Tri–State Delta Chemicals, Inc.*, 35 S.W.3d 899, 902 (Mo.App. S.D. 2001).