**Darren K. KEARNS, Appellant,**

v.

**NEW YORK COMMUNITY BANK, et al., Respondents.**

**No. WD 74710.**

Missouri Court of Appeals, Western District.

Jan. 15, 2013.

---

Darren K. Kearns, Overland Park, KS, Appellant, pro se.

Kevin K. Anderson, Harrisonville, MO, for Respondents New York Community Bank and James Ricca.

Charles E. Weedman, Jr., and T.R. Hoefle, Harrisonville, MO, for Respondent First American Title Insurance Company.

Before Division IV: JAMES EDWARD WELSH, Chief Judge, MARK PFEIFFER, Judge, and ABE SHAFER, Special Judge.

MARK D. PFEIFFER, Judge.

Darren K. Kearns ("Kearns") appeals from the Order or docket entry granting First American Title Company's ("First American") motion to dismiss on the grounds of lack of personal jurisdiction and forum non conveniens and New York Community Bank ("NYCB") and James Ricca's ("Ricca") motion to dismiss for lack of subject matter jurisdiction and personal jurisdiction entered by the Circuit Court of Cass County, Missouri ("trial court"). Because neither the trial court's Order nor its docket entry satisfies Rule 74.01(a), we dismiss the appeal.

## Jurisdiction

An appellate court has a duty to determine its jurisdiction *sua sponte. Hamby v. City of Liberty,* 970 S.W.2d 382, 383 (Mo.App. W.D.1998). A prerequisite to appellate review is that the appellant must be appealing from a final judgment. *City of St. Louis v. Hughes,* 950 S.W.2d 850, 852 (Mo. banc 1997). Rule 74.01(a)[1] defines what constitutes a judgment:

> "Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing *signed by the judge and denominated "judgment"* or "decree" is filed. The judgment may be a separate document or entry on the docket sheet of the case. A docket sheet entry complying with these requirements is a judgment unless the docket sheet entry indicates that the court will enter the judgment in a separate document. The separate document shall be the judgment when entered.

(Emphasis added.)

The Rule 74.01(a) requirement that a trial court denominate its final ruling as a "judgment" is "not a mere formality." *Hughes,* 950 S.W.2d at 853. "It establishes a 'bright line' test as to when a writing is a judgment." *Id.* "The rule is an attempt to assist the litigants and the appellate courts by clearly distinguishing between when orders and rulings of the trial court are intended to be final and appealable and when the trial court seeks to retain jurisdiction over the issue." *Id.* "Thus, the written judgment must be signed by the judge and must be designated a 'judgment.'" *Id.*

## Analysis

On November 18, 2010, Kearns filed a six-count Verified Petition, alleging breach of contract, breach of fiduciary duty, fraud, common law conspiracy, vexatious refusal to pay and denial of indemnification/bad faith business practice, and requesting punitive damages, against NYCB, NYCB's attorney (Ricca), and First American. On January 13, 2011, First American filed a motion to dismiss on the grounds of lack of personal jurisdiction and forum non conveniens. On February 3, 2011, NYCB and Ricca filed a motion to dismiss on the grounds of lack of subject matter jurisdiction and lack of personal jurisdiction and a

---

**1.** All references are to the MISSOURI COURT RULES—State (2012).

motion for summary judgment on the grounds of res judicata, collateral estoppel, failure to state a claim, and lack of standing. Kearns filed a response in opposition to both motions. By Order filed on November 22, 2011,[2] the trial court granted both First American's motion to dismiss and NYCB and Ricca's motion to dismiss on the grounds of lack of personal jurisdiction or, in the alternative, forum non conveniens.[3] Kearns filed a motion for relief from judgment or order and for reconsideration on December 19, 2011, which was denied by the trial court.

Kearns appealed from this *Order* granting the motions to dismiss. On January 4, 2012, this court sent Kearns a letter advising him that the following information was needed in order to properly process his Notice of Appeal: "Copy of the *Judgment* with Judge[']s Signature or Docket Sheet with Signed Judgment Entry for the case being appealed." (Emphasis added.) In response to this letter, on January 11, 2012, the court received from Kearns a Rule 74.03 Notice of Entry containing a certified copy of a *"Judge/Clerk—Note"* (emphasis added) dated January 6, 2012, stating:

> Court finds that the Order Granting Defendant First American Title Company's Motion to Dismiss and Defendants New York Community Bank and James Ricca's Moton [sic] to Dismiss constitutes a final Judgment in that it fully and completely disposes of all causes and issues now pending before the Court. So Ordered./s/[4] Jacqueline Cook, Judge, Div. I.

KHV, 2007 WL 4233628, at *3 n. 3 (emphasis added) (internal quotation marks and record cites omitted). Under these circumstances, Kearns's argument of trial court error in the present *Missouri* state court proceeding does not appear to be well taken.

---

2. This document was signed but not denominated as a "judgment" as required by Rule 74.01(a). Had this document been denominated as a "judgment," it would have constituted a final and appealable judgment.

3. Though we do not reach the merits of the trial court's ruling at this time, *ex gratia*, we note that: (1) the property in dispute is located in New York; (2) all of the parties but plaintiff and all remaining witnesses live in New York; (3) the conduct leading to the alleged damage suffered by Kearns occurred in New York; (4) Kearns has availed himself of the New York state court system relating to claims arising under the property, mortgage, and escrow agreement dispute in question; and, (5) most of the actions complained of by Kearns have already been litigated in a previous New York state court proceeding. And, according to the factual background in an unreported related Kansas district court opinion, the Kansas court stated that NYCB, the Law Firm, and the attorney (collectively, NYCB Affiliates) "made multiple phone calls to *Kansas* and sent written communications (fax and letters) to *Kansas* regarding the first judicial sale. Although Kearns is a Missouri resident, he apparently maintains a law office in *Kansas*, and the NYCB Affiliates' written and telephonic communications with him were apparently directed to him at the *Kansas* office." *Sheldon v. Khanal,* No. 07–2112–

4. To be fair to the trial court, Rule 103.04(d), effective September 1, 2011, states that "[a]n electronic document requiring a signature shall be signed by an original signature, stamped signature or an electronic graphic representation of a signature, or in the following manner: /s/ John or Jane Person." Though all circuit courts in the state of Missouri will, presumably, in the future have electronic filing capability and be required to file all of their official court records electronically, the Circuit Court of Cass County was not, at all relevant times, one such court. This "Note" was not an electronically filed document by the trial court. Thus, we question whether Rule 103.04(d) could be applicable to this document. Notably, however, the more vexing problem with this "Note" is that it is nothing more than a docket entry attempting to comment on a previous "order" to somehow transform the previous "order" into a "judgment." That practice is discouraged by this opinion. Instead, when the first order fails to satisfy our requirements for a final judgment, the practice encouraged by this

Filed By: JACQUELINE A. COOK

The "Note" was signed with the name of the Clerk of Court, with the initials "da" below the signature line. Though we question if this "Note" would even satisfy the Rule 74.01(a) signature requirement,[5] the "Note" is not clearly denominated a judgment and thus fails to satisfy Rule 74.01(a).

"Whether the designation 'judgment' appears ... in the entry on the docket sheet, it must be clear from the writing that the ... entry is being 'called' a 'judgment' by the trial court." *Hughes*, 950 S.W.2d at 853. The written docket entry in the record is denominated "Judge/Clerk—Note." It is not denominated as a judgment as required by Rule 74.01(a). The entry does not purport to be a new judgment with a new date. *See Velocity Inv., LLC v. Korando*, 291 S.W.3d 322, 324 (Mo.App. E.D. 2009). Even though the word "judgment" appears in the body of the docket entry, the word refers to the prior *Order* of the trial court and is not denominating the January 6 docket entry a *judgment. See*

*Hubbs v. Hubbs*, 74 S.W.3d 794, 795 (Mo. App. S.D.2002); *Hoy v. Hoy (In re Marriage of Hoy)*, 961 S.W.2d 128, 128 (Mo. App. S.D.1998). "[M]ere use of the word 'judgment' in the body of the ... docket entry" does not suffice in this case. *Hughes*, 950 S.W.2d at 853.

## Conclusion

We dismiss the appeal without prejudice for lack of a final, appealable judgment.[6]

JAMES EDWARD WELSH, Chief Judge, and ABE SHAFER, Special Judge, concur.

---

opinion is to create a new document tracking the substantive language of the original "order," denominate it as a "judgment," and the trial judge should affix her signature.

5. The typewritten name of the trial judge appears at the end of the docket entry in this case. It has long been recognized that a judge's handwritten initials added to a docket entry are sufficient to satisfy the signature requirement of Rule 74.01(a). *See Butler ex rel. Roller v. Butler*, 367 S.W.3d 179, 181 (Mo.App. W.D.2012); *Temares v. LSK Lebanon, Inc.*, 342 S.W.3d 331, 333 (Mo.App. S.D. 2011); *In re Prough*, 8 S.W.3d 186, 187 (Mo. App. W.D.1999); *Kessinger v. Kessinger*, 935 S.W.2d 347, 349 (Mo.App. S.D.1996). If a judge's typewritten name appears beneath the docket entry, the signing requirement is satisfied *if* the judge initials the entry. *See M & H Enters. v. Tri–State Delta Chems.*, 35 S.W.3d 899, 901 (Mo.App. S.D.2001). Here, the judge's handwritten initials do not appear anywhere in the docket entry.

6. Our goal is not to look for reasons to dismiss an appeal on procedural grounds. In part, however, one of our goals is to adhere to the law by which we are bound and, borrowing a baseball umpiring analogy, to "call balls and strikes with a consistent strike zone." The significant breadth of case law on this topic cited herein is clear and consistent about the Rule 74.01(a) requirements for a final and appealable judgment. The hope of this court's letter of January 4, 2012, was to point out the Rule 74.01(a) defect below, so that dismissal of this appeal would not be necessary. The purpose of footnotes 2 and 4 in our ruling today is to clearly articulate to the trial court and the parties what actions need to be taken in the present case to comply with Rule 74.01(a) to create a final judgment that is then subject to appeal. We prefer to rule on the substantive merits of appeals, but neither we, nor the parties, nor the trial court are permitted to ignore the clear mandates of Rule 74.01(a).