

# In the
# Missouri Court of Appeals
# Western District

WAYNE AND TINA COOK,     )
     )
     Appellants,     )     WD78821
     )
v.     )     OPINION FILED: September 6, 2016
     )
BRIAN AND KRISTIE GRIFFITTS,     )
     )
     Respondents.     )

### Appeal from the Circuit Court of Howard County, Missouri
The Honorable Scott A. Hayes, Judge

Before Division Two: Karen King Mitchell, Presiding Judge, Cynthia L. Martin, Judge
and Gary D. Witt, Judge

Appellants Wayne and Tina Cook ("the Cooks") appeal from the docket entry entered by the Circuit Court of Howard County denying their Motion to Set Aside Default Judgment. The underlying default judgment was entered against the Cooks with respect to a counterclaim filed by the Respondents Brian and Kristie Griffitts ("the Griffitts"). The Cooks failed to appear in court on two occasions, and, therefore, the Griffitts were granted a judgment of default and awarded damages. Because the trial court's docket entry does not satisfy Rule 74.01(a),[1] we dismiss the appeal.

---

[1] All rule references are to Missouri Supreme Court Rules (2016) unless otherwise noted.

## JURISDICTION

"An appellate court has a duty to determine its jurisdiction *sua sponte*." *Kearns v. New York Cmty. Bank*, 389 S.W.3d 294, 295 (Mo. App. W.D. 2013). "A prerequisite to appellate review is that the appellant must be appealing from a final judgment." *Id.* Rule 74.01(a) defines a "judgment" as follows:

> "Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing *signed by the judge and denominated "judgment"* or "decree" is filed. The judgment may be a separate document or entry on the docket sheet of the case. A docket sheet entry complying with these requirements is a judgment unless the docket sheet entry indicates that the court will enter the judgment in a separate document. The separate document shall be the judgment when entered.

(emphasis added).

> The Rule 74.01(a) requirement that a trial court denominate its final ruling as a "judgment" is not a mere formality. It establishes a bright line test as to when a writing is a judgment. The rule is an attempt to assist the litigants and the appellate courts by clearly distinguishing between when orders and rulings of the trial court are intended to be final and appealable and when the trial court seeks to retain jurisdiction over the issue. Thus, the written judgment must be signed by the judge and must be designated a "judgment."

*Kearns*, 389 S.W.3d at 295 (internal citations and quotation marks omitted).

## FACTS AND ANALYSIS

In late 2013, after hiring a land surveyor, the Griffitts began clearing land and building a fence on their farm for their hogs. On November 13, 2013, the Cooks, who owned the adjoining property, filed a four count petition for damages alleging that the Griffitts' fence crossed their property line. The four counts included: (I) ejectment, (II) unlawful detainer, (III) trespass, and (IV) conversion. The Griffitts filed an answer to the

2

petition that included counterclaims against the Cooks on December 17, 2013. The counterclaims included causes of action for ejectment and damages and for injunctive relief. The Griffitts' counterclaims alleged that the halted construction rendered part of their land unusable, causing damages, and that the Cooks had stacked fencing materials on the Griffitts' land. In response to the counterclaims, the Cooks filed a reply on January 15, 2014 answering the counterclaims made against them. On August 12, 2014, the Griffitts filed their amended answer to the petition and counterclaims. The amendment to the counterclaims did not change any of the claims but merely added specific averments regarding the type and amount of monetary damages they were claiming. The Cooks did not file a reply to the Griffitts' amended counterclaims.

The trial court set the matter for trial on November 6, 2014. The Cooks retained new counsel, and the trial was continued and set for "disposition or trial setting" on December 17, 2014. The trial was once again continued and re-set for January 21, 2015. Throughout this time, the parties had been involved in settlement discussions, which resulted in the January 21 trial being re-set to March 31, and finally, April 15.

The parties filed a Partial Settlement and Release Agreement on April 16, 2015. On April 21, the trial court made a docket entry, "[t]his case was passed from a Trial setting on the assurance that it had been settled. The Court hereby sets any remaining claims/counter claims for dismissal on 5-6-2015 at 9:00 a.m." On May 6, neither the Cooks nor their attorney appeared in court, and the trial court, as reflected in a docket entry, granted an interlocutory judgment of default against the Cooks on the Griffitts'

3

counterclaim for ejectment and damages.[2] A hearing was set for May 20 to determine the Griffitts' damages. On May 20, the Cooks and their attorney again failed to appear in court. The trial court held the hearing and determined the Griffitts' damages to be in the amount of $19,080.00.

On May 21, the Cooks filed a Motion to Set Aside Default Judgment ("Motion to Set Aside"). The docket sheet indicates that this Motion to Set Aside was denied, without a hearing, on May 26. The docket sheet states, in full, that the Motion to Set Aside was "considered and denied." On June 2, the docket sheet indicates the trial court entered and signed a written judgment formalizing the entry of default against the Cooks.

A motion to set aside a default judgment is an "independent action," and, therefore, a judgment granting or denying such a motion is a final judgment eligible for immediate appellate review. *Saturn of Tiffany Springs v. McDaris*, 331 S.W.3d 704, 708-09 (Mo. App. W.D. 2011). However, the judgment granting or denying a motion to set aside a default judgment, must meet the requirements of a judgment under Rule 74.01(a) before it may be appealed. *See In re Marriage of Coonts*, 190 S.W.3d 590, 604 (Mo. banc 2006).

---

[2] The trial court denominated in its docket entry that it was granting a "default judgment," and the Cooks in their briefing before this court do not question that the trial court had the authority to enter the default on the counterclaims filed by the Griffitts even though they had filed an answer to the original counterclaims. The docket sheet shows that Cooks filed a reply to the Griffitts' counterclaims. The legal file does not include the Griffitts' original answer and counterclaims but does include the Cooks' reply thereto. Following the filing of the reply, with approval of the trial court, the Griffitts filed an amended answer to the petition and counterclaims. The record does not indicate that the Cooks filed a reply to the amended answer and counterclaims. However, this court has no way to compare the originally filed counterclaims, to which a reply was filed, with the amended counterclaims, to which no reply was filed. Accordingly, we take no position as to whether the trial court had the authority to enter a default judgment in this case. "[I]f the defendant filed an answer in a timely fashion, the Rule 74.05(d) test for setting aside the default judgment is inapplicable because the default judgment was improper in the first place." *See Mosby v. West-Anderson*, 363 S.W.3d 397, 400 (Mo. App. W.D. 2012) (internal quotation marks omitted).

4

This appeal must be dismissed because there exists in the legal record no writing denominated a "judgment" or "decree" and signed by a judge addressing the ruling on the motion to set aside the default judgment. All that exists is a docket entry that states the Cooks' Motion to Set aside was considered and denied. While this is in writing, it is not denominated a judgment and it is not signed by a judge. This case is analogous to *In re Marriage of Coonts*, where

> [a]ccording to the record on appeal, the trial court purportedly ruled upon and denied the Motion on May 27, 2005 by docket entry. This docket entry was in writing as required by Rule 74.01(a). However, this writing is not denominated as a "judgment" or "decree" and is not signed by the judge, all as further required by Rule 74.01(a). Because the docket entry does not satisfy these requirements, this writing is not a judgment, and, therefore, cannot be a final judgment for purposes of appeal. Without a final judgment, we do not have jurisdiction to decide this appeal.

190 S.W.3d at 604.

## CONCLUSION

We dismiss the appeal for lack of a final, appealable judgment.[3]

_____
Gary D. Witt, Judge

All concur

---

[3] The Court notes that we do not look for reasons to dismiss appeals on procedural grounds but we are not permitted to ignore the clear mandates of Rule 74.01(a). We also note that this Court gave notice to the Cooks regarding this defect and provided ample opportunity to respond appropriately. Further, the trial court, in issuing its final judgment, should ensure that it resolves all claims as to all parties in this case.

5