CORRECTED 7/2/19



# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | |
|---|---|
| **HEATHER C. CONE,** | ) |
| | ) |
| **Appellant,** | ) |
| | )   **WD81741** |
| **v.** | ) |
| | )   **OPINION FILED:** |
| | )   **April 2, 2019** |
| **JEFFREY A. KOLESIAK,** | ) |
| | ) |
| **Respondent.** | ) |

**Appeal from the Circuit Court of Boone County, Missouri
The Honorable Leslie Schneider, Judge**

**Before Division Three:** Mark D. Pfeiffer, Presiding Judge, and
Lisa White Hardwick and Anthony Rex Gabbert, Judges

Ms. Heather C. Cone ("Cone") appeals from the Judgment and Decree of Dissolution of Marriage entered by the Circuit Court of Boone County, Missouri ("trial court"), on January 5, 2018 ("Original Judgment").[1] Because Cone's notice of appeal was not timely filed, we dismiss the appeal for lack of appellate jurisdiction.

---

[1] Cone's notice of appeal expressly references her appeal from the judgment of January 5, 2018, the judgment our ruling today references as the "Original Judgment." In her notice of appeal, Cone claims the Original Judgment is erroneous because it "is against the weight of the evidence in regard to custody and child support." However, in her jurisdictional statement and in her only point on appeal, Cone asserts that she is appealing from the trial court's subsequent judgment of May 22, 2018, the judgment our ruling today references as the "Modification Judgment." Cone argues that the Modification Judgment should be deemed a nullity and asks us to reinstate the Original Judgment—the judgment her notice of appeal claims to be "against the weight of the evidence." Due to our dismissal of this appeal, we need not address Cone's point relied on. However, in our analysis of why this appeal

## Factual and Procedural Background

Cone and Mr. Jeffrey A. Kolesiak ("Kolesiak") were married on September 17, 2013. One child was born of the marriage on June 21, 2014. Cone filed a petition for dissolution of marriage on January 14, 2015, and Kolesiak filed an answer and counter-petition on February 9, 2015. The trial court heard evidence on September 19, 20, and 26, 2017, and took the cause under advisement.

A docket entry dated December 13, 2017, stated:

**Uncontested**
Docket entry attached hereto. (blm)

In a separate unsigned document,[2] the trial court entered its tentative findings and ordered Kolesiak to submit a proposed judgment by December 27, 2017. Subsequently, on January 5, 2018, the trial court entered the Original Judgment dissolving the marriage between the parties and awarding legal and physical custody of the minor child jointly to the parties pursuant to the court-ordered parenting plan, with Cone paying child support to Kolesiak.

On January 26, 2018, Kolesiak filed a motion seeking to modify the Original Judgment, specifically pertaining to child custody, and specifically identified post-judgment custodial difficulties between the parents necessitating a custody modification to the Original Judgment. On February 5, 2018, Cone filed her own motion seeking to modify the Original Judgment, also as to child custody issues, and also raising post-judgment custodial issues between the parents necessitating a custody modification to the Original Judgment. The motions to modify were eventually argued to, and taken under advisement by, the trial court on March 22, 2018, after the

must be dismissed, we have necessarily explained how the Modification Judgment is *not* a nullity. It follows that were we to specifically address Cone's point on appeal, her point would fail for the reasons identified in today's ruling.

[2] At the end of this unsigned document appear the typed initials "ls/X (blm)." The trial judge was the Honorable Leslie Schneider, judge of Division X, so the typed initials are presumed to be hers. We do not, however, have any information on who the initials "blm" refer to and there are presently no judges with those initials in the Circuit Court of Boone County, Missouri.

trial court received new evidence relating to the child custodial issues raised in the motions to modify. A docket entry dated March 26, 2018, stated:

**Judgment Entered**
Court's docket entry made this date. (sc)[3]

In a separate unsigned document,[4] the trial court sustained Kolesiak's motion to modify the Original Judgment and awarded him sole legal custody of the minor child ("Modification Order"). The trial court directed Kolesiak to provide the court with an amended parenting plan awarding him sole legal custody pursuant to the provisions contained in his proposed parenting plan and the requirements set forth in the Modification Order. On May 4, 2018, Cone filed her notice of appeal from the Original Judgment (dated January 5, 2018), a judgment which did not address the ruling delineated in the Modification Order.

After Cone's notice of appeal was filed, this court notified the parties by letter of its concern regarding the topic of what judgment or ruling Cone was appealing from and identified related timeliness and judgment finality issues. Thereafter, the parties jointly submitted a proposed amended judgment to the trial court and, on May 22, 2018, the trial court entered its Amended Judgment and Decree of Dissolution of Marriage ("Modification Judgment"),[5] sustaining Kolesiak's motion to modify the Original Judgment, making findings regarding the section 452.375.2 statutory factors, awarding Kolesiak sole legal custody of the minor child, and awarding Kolesiak and Cone joint physical custody of the minor child. In the Modification Judgment, the trial court specifically addressed serious custodial issues impacting the minor child's medical and educational needs that had arisen since the Original Judgment, expressly

---

[3] The identity of "sc" is unknown, though the Honorable Sue Crane is the judge of Division VII and we presume the initials are hers.

[4] At the end of the document appear the typed initials "LS/X (blm)." For the reasons identified in n.2, we presume these initials are those of the Honorable Leslie Schneider, judge of Division X.

[5] The Modification Judgment was entered by the Honorable J. Hasbrouck Jacobs, judge of Division I.

noted the Guardian Ad Litem's opinion that—due to events transpiring after the Original Judgment—the Guardian Ad Litem no longer believed that joint legal custody was in the best interest of the minor child, and the trial court's pronouncement that, since the Original Judgment, the circumstances surrounding the educational and medical needs of the minor child had changed and necessitated a ruling that sole legal custody must be entered in favor of one of the parents—in this case the father, Kolesiak.

Subsequently, this court again notified the parties of continuing concerns about the Notice of Appeal and advised the parties to address these jurisdictional concerns in their appellate briefing. In Cone's sole point on appeal, she asserts that the trial court erred in entering the Modification Judgment because it was without jurisdiction to do so. Hence, though her Notice of Appeal expressly appeals from the *Original* Judgment, in her prayer for relief, she seeks our determination that the *Modification* Judgment be deemed a nullity and the *Original* Judgment be reinstated.

For reasons explained herein, we dismiss the appeal.

**Analysis**

"In all appeals, this Court is required to examine its jurisdiction *sua sponte*." *Spicer v. Donald N. Spicer Revocable Living Trust*, 336 S.W.3d 466, 468 (Mo. banc 2011) (internal quotation marks omitted).

The trial court entered its Original Judgment on January 5, 2018. The Original Judgment dissolved the parties' marriage and awarded the parties joint legal and physical custody of the minor child. Rule 75.01[6] authorizes the trial court to retain control of its judgment for thirty days thereafter. Once the rule's thirty-day window expires, however, the judgment becomes final if a

---

[6] All rule references are to I MISSOURI COURT RULES—STATE 2018.

party does not file a timely after-trial motion.[7] Rule 81.05(a)(1). If a party timely files an authorized after-trial motion, the judgment becomes final for the purposes of appeal at the earlier of either:

> (A) Ninety days from the date the last timely motion was filed, on which date all motions not ruled shall be deemed overruled; or
> (B) If all motions have been ruled, then the date of ruling of the last motion to be ruled or thirty days after entry of judgment, whichever is later.

Rule 81.05(a)(2)(A)-(B).

As a preliminary matter, we must consider the nature of the motions Kolesiak and Cone filed within the thirty-day period after entry of the Original Judgment. Kolesiak's motion was titled a "Motion to Vacate, Reopen, Correct, Amend or Modify Judgment and/or for New Trial" and asserted that the trial court should modify its joint legal custody ruling and order sole legal custody in favor of Kolesiak. Cone's motion was titled a "Motion for a New Trial, or in the alternative, Motion to Vacate, Reopen, Correct, Amend or Modify Judgment," and asserted that the trial court should modify its joint legal custody ruling and order sole legal custody in favor of Cone.

"[I]n evaluating whether a pleading is an authorized after-trial motion, we do not concern ourselves with the title of the pleading or with a party's citation to a particular Rule, but we look instead to the substance of the pleading." *State ex rel. Mo. Parks Ass'n v. Mo. Dep't of Nat. Res.*, 316 S.W.3d 375, 382 (Mo. App. W.D. 2010). *See also In re Marriage of Echessa*, 74 S.W.3d 802, 803 n.1 (Mo. App. S.D. 2002) ("[A] pleading is not judged by its title but by its substance and its content." (internal quotation marks omitted)); *Dunkle v. Dunkle*, 158 S.W.3d

---

[7] "[A]n 'authorized after-trial motion' is a motion for which the rules expressly provide." *Taylor v. United Parcel Serv., Inc.*, 854 S.W.2d 390, 392 n.1 (Mo. banc 1993). The Missouri Supreme Court has recognized six authorized after-trial motions, *Burton v. Klaus*, 455 S.W.3d 9, 12 (Mo. App. E.D. 2014) (citing *Taylor*, 854 S.W.2d at 392), none of which are relevant to the subject proceedings for the reasons discussed in our ruling today.

823, 831 (Mo. App. E.D. 2005) ("Since the title of the motion is not dispositive, we must also consider its contents.").

The substance and content of both Kolesiak's and Cone's motions[8] are modification of the trial court's prior decree of legal custody in the Original Judgment.[9] "A motion to modify a prior custody decree is in the nature of an independent proceeding[,] and the motion is treated as a petition in an independent proceeding." *Matsel v. Akins*, 624 S.W.2d 180, 182 (Mo. App. W.D. 1981) (internal quotation marks omitted). *Accord Adams v. Adams*, 812 S.W.2d 951, 955 (Mo. App. S.D. 1991). Consistent with the notion that these motions constituted independent proceedings, the parties presented *new* evidence at the hearing on the parties' dueling motions to modify the Original Judgment as it related to child custody. And, not so coincidentally, the trial court's Modification Judgment expressly considered and relied upon the new evidence of changed circumstances since the Original Judgment relating to legal custody involving decisions negatively impacting the minor child's educational and medical needs as the trial court did, in fact, modify the Original Judgment as to legal custody of the minor child. Accordingly, neither Kolesiak's motion nor Cone's motion was an "authorized after-trial motion" extending the date of the Original Judgment's finality.

As in any other civil action, a judgment in a dissolution of marriage action becomes final thirty days after entry. *Lacher v. Lacher*, 785 S.W.2d 78, 79 (Mo. banc 1990). Accordingly, the

---

[8] In the dueling motions to modify filed by both of the parties after the trial court's entry of the Original Judgment, both parties argued that the opposing party was interfering with, and disrupting, the educational and medical needs of the minor child and, consequently, there simply was no way that joint legal custody was tenable between the parties subsequent to the Original Judgment. Both parties alleged new evidence supporting their dueling requests for sole legal custody of the minor child, including references to physical and speech therapy for, and injuries inflicted upon, the minor child—all of which came about after the joint legal custody determination from the Original Judgment.

[9] "Generally, a modification of a 'child custody decree' can reasonably be interpreted to apply to those instances where a court is requested to modify the 'custody' designation." *J.F.H. v. S.L.S.*, 550 S.W.3d 532, 536 (Mo. App. E.D. 2017) (citing *Prach v. Westberg*, 455 S.W.3d 513, 516 (Mo. App. W.D. 2015)). "A 'custody' designation refers to joint legal custody, sole legal custody, joint physical custody, and sole physical custody." *Id*.

Original Judgment became final for purposes of appeal on February 4, 2018. Rule 81.04(a) provides that "[n]o such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment, decree, or order appealed from becomes final." The notice of appeal was due by February 14, 2018, but was not filed until May 4, 2018. "Timely filing of a notice of appeal is jurisdictional." *Spicer*, 336 S.W.3d at 471 (internal quotation marks omitted). "If a notice of appeal is untimely, the appellate court is without jurisdiction and must dismiss the appeal." *Id*. (internal quotation marks omitted).

The trial court conducted a hearing at which it received new evidence on the parties' dueling motions to modify on March 22, 2018. After receiving new evidence and hearing the arguments of counsel and the guardian ad litem, the trial court took the matter under advisement. Thereafter, a docket entry dated March 26, 2018, stated:

**Judgment Entered**
Court's docket entry made this date. (sc)

In the separate unsigned Modification Order, the trial court sustained Kolesiak's motion to modify the Original Judgment and awarded him sole legal custody of the minor child.

Rule 74.01(a) defines what constitutes a judgment:

"Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. **A judgment is entered when a writing signed by the judge and denominated "judgment" or "decree" is filed.** The judgment may be a separate document or entry on the docket sheet of the case. A docket sheet entry complying with these requirements is a judgment unless the docket sheet entry indicates that the court will enter the judgment in a separate document. The separate document shall be the judgment when entered.

(Emphasis added.) As this court has made clear:

The Rule 74.01(a) requirement that a trial court denominate its final ruling as a "judgment" is not a mere formality. It establishes a "bright line" test as to when a writing is a judgment. The rule is an attempt to assist the litigants and the appellate courts by clearly distinguishing between when orders and rulings of the trial court are intended to be final and appealable and when the trial court seeks to

7

> retain jurisdiction over the issue.  Thus, **the written judgment must be signed by the judge and must be designated a "judgment."**

*Kearns v. New York Cmty. Bank*, 389 S.W.3d 294, 295 (Mo. App. W.D. 2013) (emphasis added) (citations omitted) (internal quotation marks omitted).  Although the docket sheet stated "**Judgment Entered**," the separate unsigned document purporting to be the docket entry was *not* signed by the judge[10] and was not itself denominated "judgment" or "decree" as required by Rule 74.01(a).

Section 512.020[11] provides, in relevant part, "[a]ny party to a suit aggrieved by any judgment of any trial court in any civil cause from which an appeal is not prohibited . . . may take his or her appeal to a court having appellate jurisdiction from any . . . *[f]inal judgment in the case*."  (Emphasis added.)  We are given additional guidance by our Missouri Court Rules of Civil Procedure, which "have the force and effect of law."  MO. CONST. art. V, § 5.  Rule 74.01(a) provides that:

> A judgment is entered when **a writing signed by the judge and denominated 'judgment' or 'decree' is filed**.  The judgment may be a separate document or entry on the docket sheet of the case.  A docket sheet entry complying with these requirements is a judgment unless the docket sheet entry indicates that the court will enter the judgment in a separate document.  The separate document shall be the judgment when entered.

"The requirement that a trial court must 'denominate' its final ruling as a 'judgment' is not a mere formality."  *City of St. Louis v. Hughes*, 950 S.W.2d 850, 853 (Mo. banc 1997).  Instead, "[i]t establishes a 'bright line' test as to when a writing is a judgment."  *Id*.  "The rule is an

---

[10] "It has long been recognized that a judge's handwritten initials added to a docket entry are sufficient to satisfy the signature requirement of Rule 74.01(a)."  *Kearns v. New York Cmty. Bank*, 389 S.W.3d 294, 297 n.5 (Mo. App. W.D. 2013) (citing *Butler ex rel. Roller v. Butler*, 367 S.W.3d 179, 181 (Mo. App. W.D. 2012); *Temares v. LSK Lebanon, Inc.*, 342 S.W.3d 331, 333 (Mo. App. S.D. 2011); *In re Prough*, 8 S.W.3d 186, 187 (Mo. App. W.D. 1999); *Kessinger v. Kessinger*, 935 S.W.2d 347, 349 (Mo. App. S.D. 1996)).  "If a judge's typewritten name appears beneath the docket entry, the signing requirement is satisfied *if* the judge initials the entry."  *Id*.  Here, neither the judge's signature, nor typewritten name, nor handwritten initials appear anywhere in the docket entry or the separate document.

[11] All statutory references are to the REVISED STATUTES OF MISSOURI 2016, as supplemented.

attempt to assist the litigants and the appellate courts by clearly distinguishing between when orders and rulings of the trial court are intended to be final and appealable and when the trial court seeks to retain jurisdiction over the issue." *Id.* *Accord Jaeger v. Res. for Human Dev., Inc.*, 561 S.W.3d 455, 457 (Mo. App. W.D. 2018). Consequently, the March 26, 2018 docket entry, the Modification *Order*, is not a judgment.

"An independent proceeding to modify a prior decree of custody should be concluded with a final judgment." *Adams*, 812 S.W.2d at 955. Here, the Modification *Judgment* (dated May 22, 2018) meets the Rule 74.01(a) requirements of "a writing signed by the judge and denominated 'judgment' or 'decree.'"

However, the Modification Judgment is *not* the subject of this appeal. Rule 81.04(a) requires that the notice of appeal "specify . . . the judgment, decree, or order appealed from." "Our review on appeal is confined to a review of the decision identified in the notice of appeal." *Burton v. Klaus*, 455 S.W.3d 9, 12 (Mo. App. E.D. 2014) (citing *Maskill v. Cummins*, 397 S.W.3d 27, 32 (Mo. App. W.D. 2013)). Here, Cone's notice of appeal specifically stated that "Notice is given that Peti[ti]oner Heather Cone appeals from the judgment/decree/order entered in this action on January 5, 2018"—the Original Judgment.

As in any other civil action, a judgment in a dissolution of marriage action becomes final thirty days after entry. *Lacher*, 785 S.W.2d at 79. Rule 81.04(a) provides that "[n]o such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment, decree, or order appealed from becomes final." "Timely filing of a notice of appeal is jurisdictional." *Spicer*, 336 S.W.3d at 471. "If a notice of appeal is untimely, the appellate court is without jurisdiction and must dismiss the appeal." *Id.* (internal quotation marks omitted).

9

Cone specified that she was appealing from the Original Judgment entered January 5, 2018. The Original Judgment became final for purposes of appeal on February 4, 2018. The notice of appeal was due by February 14, 2018, but was not filed until May 4, 2018. Because Cone failed to timely file her notice of appeal from the Original Judgment, we dismiss her appeal as untimely.

## Conclusion

The appeal is dismissed.

/s/ *Mark D. Pfeiffer*

Mark D. Pfeiffer, Presiding Judge

Lisa White Hardwick and Anthony Rex Gabbert, Judges, concur.

10