

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| KATHRYN J. MCKAY, | ) | |
| | ) | |
| Respondent, | ) | WD84794 |
| | ) | |
| v. | ) | OPINION FILED: |
| | ) | November 22, 2022 |
| GARY MICHAEL PELOZA, | ) | |
| | ) | |
| Appellant. | ) | |

**Appeal from the Circuit Court of Platte County, Missouri**
The Honorable Abe Shafer V, Judge

Before Division Three: Karen King Mitchell, Presiding Judge, Cynthia L. Martin, Judge,
Anthony Rex Gabbert, Judge

Gary Michael Peloza ("Peloza") appeals from the entry of summary judgment in

favor of Kathryn J. McKay ("McKay") in a quiet title action filed by McKay. Peloza argues

that it was error to grant summary judgment because there were material facts in dispute

preventing the entry of judgment as a matter of law. Finding no error, we affirm.

## Factual and Procedural Background[1]

McKay is the record title holder, and is in possession, of real estate located at 709 2nd Street, Platte City, Platte County, Missouri ("Property"). The Property is legally described as follows:[2]

> The North 57.0 feet of Lots 7 and 8, Block 32, in the original town of Platte City, Platte County, Missouri.

On March 20, 2020, McKay entered into a written contract to sell the Property to Peloza in exchange for a purchase price of $165,000 ("Contract"). Peloza paid an earnest money deposit by money order in the amount of $500 at the time the Contract was executed, leaving $164,500 of the purchase price to be paid by Peloza at closing, subject to other adjustments identified in the Contract. The Contract named First American Title as the escrow company designated to serve as the closing agent.

> Paragraph 5 of the Contract provided as follows:

> SELLER and BUYER acknowledge all funds required for Closing must be in the form of cashier's check, wire transfer or other certified funds.

On the agreed closing date in May 2020, Peloza did not deliver the balance of the purchase price in the form of a cashier's check, wire transfer, or other certified funds to the designated closing agent.

---

[1]"The record below is reviewed in the light most favorable to the party against whom summary judgment was entered, and that party is entitled to the benefit of all reasonable inferences from the record. However, facts contained in affidavits or otherwise in support of the party's motion are accepted as true unless contradicted by the non-moving party's response to the motion for summary judgment." *Goerlitz v. City of Maryville*, 333 S.W.3d 450, 453 (Mo. banc 2011) (quoting *Hammack v. Coffelt Land Title, Inc.*, 284 S.W.3d 175, 177-78 (Mo. App. W.D. 2009)).

[2]"A judgment which affects title to real estate must describe the land in question with enough certainty to support a later conveyance of the property." *Creech v. Noyes*, 78 S.W.3d 223, 225 (Mo. App. E.D. 2002) (citations omitted). "The judgment should be in a form so that it alone is suitable for recording in real estate records." *Id.* (citation omitted).

2

McKay put the Property back on the market. After finding an interested buyer, McKay learned through a title search that on June 16, 2020, Peloza filed a Financing Statement against the Property as Document No. 2020008719 in Book 1332 at Page 781 of the official records. The Financing Statement identified McKay as the debtor and Peloza as the secured party. The Financing Statement described the "collateral" as:

> one Registered Documentary Time Draft, Numbered, GMP 2004102 DTD, dated April 28th, 2020, valued at $164,178.74, with Certified Tracking No. 7018 2290 0001 0941 8983, and $500.00 earnest/deposit monies which was tendered as Full Settlement for Residential Real Estate Sale Contract between [Peloza] and [McKay] dated March 20, 2020, and in which Property Deed has not been delivered to [Peloza].

McKay is unable to obtain a title insurance policy to sell the Property to another buyer unless Peloza's Financing Statement is released or satisfied.

On September 11, 2020, McKay filed a petition to quiet title in the Circuit Court of Platte County, Missouri ("Petition"). The Petition sought a judgment quieting title in the Property to McKay; a judgment declaring that Peloza has no right, title or interest in the Property; and a judgment declaring the Financing Statement filed by Peloza against the Property to be null and void, of no legal force and effect, and extinguished. Peloza filed an answer to the Petition that asserted no affirmative defenses or counterclaims.

On May 3, 2021, McKay filed a motion for summary judgment pursuant to Rule 74.04,[3] which set forth a statement of uncontroverted material facts supporting the entry of the judgments sought in her Petition. The uncontroverted facts were supported by the affidavits of McKay and Kristin Rowden, an employee of First American Title. The

---

[3]All Rule references are to *Missouri Court Rules, Volume I -- State, 2021* unless otherwise noted.

uncontroverted facts were also supported by references to attached exhibits including a warranty deed conveying title to the Property to McKay, the Contract, the title commitment McKay secured in an effort to sell the Property to another buyer, and Peloza's Financing Statement. McKay scheduled the motion for summary judgment for a hearing on July 28, 2021.

Peloza filed a motion to dismiss McKay's motion for summary judgment on May 12, 2021. Peloza's motion to dismiss did not set forth or respond to the uncontroverted facts in McKay's motion for summary judgment. On July 27, 2021, one day before the hearing scheduled on McKay's motion for summary judgment, Peloza filed a "counter petition to quiet title." The counter-petition was filed without leave of court. Peloza supplemented the counter-petition with additional exhibits filed on July 28, 2021. During the July 28, 2021 hearing on McKay's motion for summary judgment, Peloza admitted that he did not file a response to McKay's motion for summary judgment in the form required by Rule 74.04(c)(2).

On July 29, 2021, the trial court issued an "Order Granting Summary Judgment." In the body of the Order, the trial court "ordered, adjudged and decreed" that McKay's motion for summary judgment "be, and the same hereby is granted," and "enter[ed] Judgment for the . . . relief . . . requested by [Mckay]." The Order found "[i]t is the Judgment of the Court that . . . McKay "is the current fee simple owner of the . . . Property." The Order found "[i]t is further the Judgment of this Court that . . . Peloza has no right, title or interest in the Property." And the Order found "[i]t is further the Judgment of this Court that the UCC Financing Statement recorded by [Peloza] on June 16, 2020 in Book 1332 at

4

page 781 of the records of the Platte County Recorder of Deeds is null and void, is of no legal force and effect and is declared extinguished."

Peloza filed this appeal on September 7, 2021.

## Appellate Jurisdiction

"Prior to reaching the merit of the issues set forth in this case, this Court must determine, *sua sponte*, if there is a final judgment." *Ndegwa v. KSSO, LLC*, 371 S.W.3d 798, 801 (Mo. banc 2012). "A final judgment is a prerequisite to appellate review." *Id.* "If the court's judgment was not a final judgment, then the appeal must be dismissed." *Id.*

Rule 74.01(a) provides in pertinent part that "[a] judgment is entered when a writing signed by the judge and denominated 'judgment' or 'decree' is filed." "Rule 74.01(a) thus imposes three requirements on a final judgment: a writing, signed by the judge, and denominated as a judgment." *Watson v. State*, 545 S.W.3d 909, 911 (Mo. App. W.D. 2018).

Here, the July 29, 2021 Order Granting Summary Judgment is a writing and it is signed by the judge. However, the title of the writing is "Order" not "Judgment," requiring us to determine whether the writing is denominated as a "judgment" as required by Rule 74.01(a).

Rule 74.01(a) was amended in 1995 to include the language explaining that a judgment is entered when "a writing signed by the judge and denominated 'judgment'" is filed. Two years later, in *City of St. Louis v. Hughes*, 950 S.W.2d 850, 853 (Mo. banc 1997), the Supreme Court explained the purpose of the recent amendment to Rule 74.01(a):

5

The requirement that a trial court must "denominate" its final ruling as a "judgment" is not a mere formality. It establishes a "bright line" test as to when a writing is a judgment. The rule is an attempt to assist the litigants and the appellate courts by clearly distinguishing between when orders and rulings of the trial court are intended to be final and appealable and when the trial court seeks to retain jurisdiction over the issue.

*Id.* The Court then addressed the meaning of the word "denominate":

Webster's Third New International Dictionary defines "denominate" as "to give a name to: to call by a name." The American Heritage Dictionary, Second Edition defines "denominate" as "to give a name to; designate."

Based on these definitions, the Court concluded that a written judgment "must be designated a 'judgment.'" *Id.* Importantly, the Court held:

Whether the designation "judgment" appears as a heading at the top of the writing, within the body of the writing in some other manner, or in the entry on the docket sheet, it must be clear from the writing that the document or entry is being "called" a "judgment" by the trial court.

*Id.*

A trial court's intent to call a document or entry a judgment is most clearly and effectively conveyed by using the word "judgment" in the title or heading of the trial court's writing. However, *Hughes* makes it clear that a trial court's failure to include the word "judgment" in the title or heading of the trial court's writing is not an insurmountable hurdle *if*, within the body of the writing, it is clear that the document or entry is being called a "judgment" by the trial court *Id.*; *see also*, *In re Estate of Pethan*, 475 S.W.3d 722, 729 (Mo. App. W.D. 2015) (acknowledging the holding in *Hughe*s, but concluding appeal should be dismissed because order appealed from included "no indication within the body of the Order that the trial court considered the Order to be a judgment").

6

The *Hughes'* standard is met in this case. Although the entered document is titled "Order Granting Summary Judgment," it is clear in the body of the writing that the document is being called a "judgment" by the trial court, as evidenced by the unambiguous entry of judgment in favor of McKay both generally, and specifically with respect to the three forms of relief sought by McKay's Petition. This case is thus distinguishable from *Kearns v. New York Community Bank*, 389 S.W.3d 294 (Mo. App. W.D. 2013), where, after acknowledging *Hughes*, this Court concluded that a written docket entry called "Judge/Clerk--Note" was not denominated a judgment as required by Rule 74.01(a) because the docket entry merely attempted to recharacterize a previously entered written order as a "final judgment," such that neither the order or the subsequent docket entry qualified as a judgment. *Id*. at 297 (citing *Hughes*, 950 S.W.2d at 853 (holding that "[d]epending upon the text, mere use of the word 'judgment' in the body of the writing or docket entry may not suffice" to designate the writing as a Rule 74.01(a) judgment).

The best practice is for a trial court to designate a writing intended to be a Rule 74.01(a) judgment as a "judgment" in the title or heading of the document or entry. However, the trial court's failure to do so in this case does not require us to dismiss Peloza's appeal because the body of the trial court's "Order" clearly reflects that the trial court is calling the writing a judgment. We therefore have the authority to entertain this appeal.

**Analysis**

Peloza raises a single point on appeal. Though confusingly written, we can discern without advocating for Peloza that he claims error in the trial court's grant of summary judgment because his motion to dismiss McKay's motion for summary judgment, and his

7

counter-petition to quiet title and submitted exhibits, create a genuine issue of material fact about whether he made a "lawful and valid tender" of the purchase price on or before the agreed upon closing date.

Peloza's contention is without merit.  McKay filed a motion for summary judgment pursuant to Rule 74.04(c)(1) that "state[d] with particularity in separately numbered paragraphs each material fact as to which [McKay] claim[ed] there is no genuine issue . . . as to such facts."  *Green v. Fotoohighiam*, 606 S.W.3d 113, 116 (Mo. banc 2020).  In addition, as required by Rule 74.04(c)(1), McKay attached to her "statement of uncontroverted material facts all discovery, exhibits, or affidavits that support[ed] the summary judgment motion."  *Green*, 606 S.W.3d at 117.

After McKay made this submission, Peloza was "required to file a response either admitting or denying [McKay's] material facts."  *Id*.

> The response shall set forth each statement of fact in its original paragraph number and immediately thereunder admit or deny each of movant's factual statements.  A denial may not rest upon the mere allegations or denials of the party's pleading.  Rather, the response shall support each denial with specific references to the discovery, exhibits or affidavits that demonstrate specific facts showing that there is a genuine issue for trial.  Attached to the response shall be a copy of all discovery, exhibits or affidavits on which the response relies.  ***A response that does not comply with this Rule 74.04(c)(2) with respect to any numbered paragraph in movant's statement is an admission of the truth of that numbered paragraph.***

*Id*. (quoting Rule 74.04(c)(2)) (emphasis in original).

Peloza admitted at the July 28, 2021 hearing on McKay's motion for summary judgment that he did not respond to the motion in the manner required by Rule 74.04(c)(2). Though Peloza filed a motion to dismiss McKay's motion for summary judgment within

8

the 30-day timeframe for responding to a motion for summary judgment permitted by Rule 74.04(c)(2), the motion to dismiss did not set forth any of McKay's uncontroverted factual statements, and did not admit or deny any of McKay's uncontroverted factual statements. As a result, Peloza admitted all of McKay's uncontroverted material facts. *See Green* 606 S.W.3d at 117 (holding that non-movant who did not timely respond to movant's motion for summary judgment admitted all uncontroverted material facts in the motion for summary judgment).

We recognize that Peloza's motion to dismiss McKay's motion for summary judgment did include a "statement of facts" in four consecutively numbered paragraphs. Rule 74.04(c)(2) provides that the response to a motion for summary judgment "may . . . set forth additional material facts that remain in dispute, which shall be presented in consecutively numbered paragraphs, and supported in the manner prescribed by Rule 74.04(c)(1)." However, even if we ignore the "title" of Peloza's motion to dismiss and treat the pleading as a response to McKay's motion for summary judgment, Peloza's failure to support the statement of facts in the motion to dismiss "in the manner prescribed by Rule 74.01(c)(1)," (that is, "with specific references to the pleadings, discovery, exhibits or affidavits,") renders the assertions ineffective to establish material facts in dispute. "[S]ummary judgment principles require a court to 'determine whether *uncontroverted* facts established via Rule 74.04(c) paragraphs and responses demonstrate [movant's] right to judgment *regardless of other facts or factual disputes*.'" *Green*, 606 S.W.3d at 118 (quoting *Pemiscot County Port Authority v. Rail Switching Services, Inc.*, 523 S.W.3d 530, 534 (Mo. App. S.D. 2017)) (emphasis in original). Because "[f]acts come into a summary

9

judgment record *only* via Rule 74.04(c)'s numbered-paragraphs-and-responses framework," Peloza's motion to dismiss was not a legally effective response to McKay's motion for summary judgment.[4] *Id.* at 117 (quoting *Jones v. Union Pac. R.R. Co.*, 508 S.W.3d 159, 161 (Mo. App. S.D. 2016)) (emphasis in original).

Thus, in addressing McKay's motion for summary judgment, the trial court was only permitted to "consult what was properly put before it by way of Rule 74.04(c) paragraphs and responses." *Green*, 606 S.W.3d at 121. Though a trial court is obligated to independently determine whether uncontroverted material facts support the entry of judgment as a matter of law,[5] Peloza did not argue below, and has not argued here, that McKay's uncontroverted material facts fail to support the entry of judgment in McKay's favor for all of the relief prayed in her petition.

Point denied.

## Conclusion

The trial court's Order Granting Summary Judgment is affirmed, such that judgment is entered in favor of McKay finding her to be the fee simple owner of the Property herein legally described; judgment is entered in favor of McKay finding that Peloza has no right,

---

[4]Peloza's counter-petition to quiet title filed without leave of court on July 27, 2021, and the additional exhibits filed in support of the counter-petition on July 28, 2021, were similarly of no value to Peloza in defending McKay's motion for summary judgment. *See Great Southern Bank v. Blue Chalk Construction, LLC*, 497 S.W.3d 825 (Mo. App. S.D. 2016) (rejecting non-movant's claim of error in granting summary judgment which argued that genuine issues of material fact were demonstrated by the non-movant's counterclaims and affirmative defenses).

[5]*See Jordan v. Peet*, 409 S.W.3d 553, 558 (Mo. App. W.D. 2013) ("Even if the non-movant fails to properly respond to a summary judgment motion and all factual issues are deemed admitted . . . the motion must still be denied if those factual assertions are not sufficient to entitle the movant to judgment as a matter of law.") (citing *Bank of Am., N.A. v. Reynolds*, 348 S.W.3d 858, 860 (Mo. App. W.D. 2011). *See also*, *E.O. Dorsch Elec. Co. v. Plaza Const. Co.*, 413 S.W.2d 167, 170 (Mo. 1967) (holding that even where a non-movant fails to properly respond to a motion for summary judgment, the motion is properly denied if the moving party has not established the right to judgment as a matter of law).

title or interest in the Property herein legally described; and judgment is entered in favor of McKay finding that the UCC Financing Statement recorded by Peloza on June 16, 2021 in Book 1332 at page 781 of the records of the Platte County Recorder of Deeds is null and void, is of no legal force and effect and is declared to be extinguished.

_____
Cynthia L. Martin, Judge

All concur